Crugom vs. Crugom.

64   253
o99   346

CRUGOM, Appellant, vs. CRUGOM, Respondent.

*September 26 — October 13, 1885.*

*(1) Divorce: Alimony granted after judgment making no provision.*
*(2) Inquiry as to paternity of child.*

1. The trial court has power, after a judgment of divorce has been granted, to allow alimony and to provide for the support of children, although no provision for either was made in such judgment.
2. But upon application for alimony in such a case it is not proper to inquire into the paternity of child born before the marriage, in order to charge the husband with its support.

Crugom vs. Crugom.

APPEAL from the Circuit Court for *Milwaukee* County.

In June, 1879, a judgment of divorce was granted in favor of the plaintiff husband. Such judgment contained no provision respecting alimony or the support of children. In November, 1884, the defendant presented a petition praying that the judgment be modified or amended so as to provide for the payment of suitable alimony to the defendant and an allowance for a child mentioned in the petition. After a hearing the court filed a decision to the effect that it had jurisdiction and authority to grant such relief, and made an order that the defendant's motion be placed upon the calendar for hearing as to the amount of alimony to be allowed, and for the purpose of taking proofs as to whether the plaintiff was the father of the child mentioned and admitted its paternity and recognized and treated it as his own after the marriage, and for the purpose of ascertaining the proper allowance for said child in case it should be found that the plaintiff was its father and recognized it as aforesaid,— " all with a view to such amendment or modification of the judgment as to the court should seem just and equitable." The order further required the payment of $25, suit money, to the defendant's attorneys. From such order the plaintiff appealed.

For the appellant there was a brief by *Chapin, Dey & Friend*, and oral argument by *Mr. Chapin*. They contended, *inter alia*, that a judgment of divorce once granted should not be disturbed. *Hopkins v. Hopkins*, 40 Wis. 463; *Bacon v. Bacon*, 34 id. 594; *Campbell v. Campbell*, 37 id. 206; *Kamp v. Kamp*, 59 N. Y. 212. If no provision is made for alimony by the decree, it is presumed that the court decided adversely to her claim, if any she made; and the decree is equally final as if such provision had been made, for the court has no power after decree of divorce to award alimony. *Kamp v. Kamp, supra.*

For the respondent there was a brief by *Cotzhausen, Syl-*

*vester, Scheiber & Sloan,* and oral argument by *Mr. Sloan.* They cited *Campbell v. Campbell,* 37 Wis. 206; *Cook v. Cook,* 56 id. 195, op. by TAYLOR, J.; *Plaster v. Plaster,* 53 Ill. 445.

COLE, C. J.   The question to be determined on this appeal is fairly stated in the brief of counsel to be whether the court has power to allow alimony to the wife and provide for the support of a child, subsequent to the judgment of divorce, where no provision was made in either case in such judgment.   The appellant obtained a judgment of divorce from the bond of matrimony, on the ground of desertion, in June, 1879.   The respondent was served with process, entered an appearance in the action, and answered.   Judgment was finally taken against her, by default, either through some misunderstanding between her and her counsel as to when the cause would be tried, or on account of her not having means to make a defense.   She states in her petition that she was not aware a divorce had been granted until the month of October, 1881, when she engaged counsel to take steps to secure for her proper alimony.   But her application to the court for that purpose was not actually made until November, 1884.   The important question, therefore, in the case is whether, under the circumstances, the court had power to modify its judgment and make an allowance for her support.   The question is a new one in this court, and but little aid can be derived from the decisions in other states, owing to the great dissimilarity in their statutes regulating the subject of divorce and giving alimony.   The question must depend for its solution upon the construction of our own statute and the decisions which have been made under it.   If the judgment of divorce had allotted alimony to the wife, or provided for the support of the child, it is clear the judgment in that regard might be subsequently modified or changed.   This is the express language of the statute (sec. 2369, R. S.), and such is the doctrine of our adjudications where the question has arisen.

*Helden v. Helden*, 7 Wis. 296; *S. C.* 11 Wis. 554; *Bacon v. Bacon*, 34 Wis. 594; *Campbell v. Campbell*, 37 Wis. 207; *Hopkins v. Hopkins*, 40 Wis. 462; and *Cook v. Cook*, 56 Wis. 195. It is said in substance by the chief justice in *Campbell v. Campbell* that the statute proceeds upon the natural duty of the husband to support the wife after, as well as before, divorce, and that it should be liberally construed to enforce that duty. But if the suit of divorce passes to judgment before alimony is awarded, will an application for it subsequently come too late? It is difficult to see any valid reason for holding that it would, under the provisions of the statute. Mr. Justice TAYLOR, in *Cook v. Cook*, says: "The power of the court to award alimony to a wife in a divorce suit does not depend on the fact that some alimony was awarded at the time the judgment for divorce was granted. The fact that no alimony was then awarded by the court is no bar to its being afterwards awarded." 56 Wis. 220. Of course, these remarks have no reference to a case where the question of alimony was tried in the divorce cause and denied. It may well be the law, even under our statute, if that issue were once tried and decided it would be *res adjudicata* for all time. It is so held in *Kamp v. Kamp*, 59 N. Y. 212, and *Erkenbrach v. Erkenbrach*, 96 N. Y. 456. But we do not understand that the court, when it granted the divorce, adjudicated that the respondent was not entitled to alimony; so that question was left undecided. Her answer is not in the record, and we do not know what it contained. We presume it made no claim to alimony, but resisted the divorce on the merits; for the appellant says in his affidavit which was used on the hearing below, "that, from the time of the commencement of this action to the time of judgment, the petitioner never made any claim or demand upon the deponent for alimony, suit money, or other allowance for herself, nor for any allowance for any child or children whatsoever." And, as we have said, the judgment is silent as to alimony. Under

these circumstances we feel warranted in assuming that the question of alimony has never been passed upon nor considered by the court. So the question returns, Does the application for it now made come too late?

The tendency of the decisions to which we have referred clearly is that the court has the statutory power to award alimony though the judgment for divorce, long since rendered, does not mention it. For it is conceded, if only one dollar alimony had been given in the first instance the court would have the power "to revise and alter such judgment respecting the amount," and make such judgment in regard thereto as it might have made in the original action.

It appears from the respondent's petition that she had a female child prior to her marriage with the appellant. This child, she states, was begotten by the appellant; that he recognized its paternity, and treated it in all respects as his own child after the marriage. All this is denied by the appellant. The learned circuit court ordered that the cause be placed on the calendar for a hearing as to the amount of alimony to be allowed the respondent; and for the purpose of taking proofs as to whether the appellant is the father of the child, admitted its paternity, and recognized and treated it as his own, after marriage, in order to determine the proper allowance for the support of the child in case it should be found that the appellant was its father and had recognized its paternity. This last branch of the order we deem erroneous. We think it was improper, on this application for alimony, to go into an inquiry as to the paternity of the child. The statute makes ample provision for ascertaining the paternity of a bastard, and the parties should be left to that remedy. No provision should be made on this application for the support of the child.

The last branch of the order is therefore reversed; the rest of the order is affirmed, with costs against the appellant.

*By the Court.*—It is so ordered.