Pease, Appellant, vs. Pease, Respondent.

*August 29 — September 18, 1888.*

*Divorce: Adultery: Recrimination: Cruelty.*

Where it is shown that each party has been guilty of an offense which the statute has made a ground for divorce in favor of the other, the court will not grant relief to either. So *held*, where the wife (defendant) was found guilty of adultery, but the husband had been guilty of cruel and inhuman treatment. The general rule is not limited or abrogated by sec. 2360, R. S., providing that in certain cases although the fact of adultery is established the court may deny a divorce.

APPEAL from the Circuit Court for *Ashland* County.
The facts are stated in the opinion.

For the appellant there was a brief by *Miles & Shea*, attorneys, and *T. L. & C. T. Kennan*, of counsel, and oral argument by *T. L. Kennan*. They contended, *inter alia*, that under sec. 2360, R. S., cruel and inhuman treatment cannot be set up as a defense, counterclaim, or bar to an action for divorce on the ground of adultery. The legislature, having specified just what causes should constitute a bar to a suit for divorce on the ground of adultery, may be fairly presumed to have enumerated all the causes which should be available for that purpose. In the ecclesiastical courts of England it was an established principle that cruelty could not be pleaded in bar of adultery. *Moorsom v. Moorsom*, 3 Hag. Ec. 87; *Harris v. Harris*, 2 id. 376; *Eldred v.*

*Eldred*, 2 Curt. Ec. 376; *Chettle v. Chettle*, 3 Phillim. 507; *Scrivener v. Scrivener*, cited 1 Rob. Ec. 92; *Cocksedge v. Cocksedge*, 1 Rob. Ec. 90. The same principle has been established in *Griffin v. Griffin*, 23 How. Pr. 183, and in *Diddell v. Diddell*, 3 Abb. Pr. 167, decided under the statute from which ours was adopted.

For the respondent there was a brief by *Tomkins, Merrills & Smith*, and oral argument by *W. M. Tomkins*.

COLE, C. J. The plaintiff and appellant brought this action for a divorce from the bonds of matrimony on the ground of adultery committed by the defendant. The wife denied the charge of adultery in her answer, and by way of recrimination, defense, or bar to plaintiff's action, asked for a limited divorce from the husband on the ground of cruel and inhuman treatment on his part. On the trial of the issue of adultery the jury found against the defendant; and the court found the plaintiff guilty of cruel and inhuman treatment of the defendant; and held that neither party was entitled to a decree of divorce. The sole question before us on this appeal is the correctness of this decision.

Our statute makes adultery and cruel and inhuman treatment of the wife by the husband equally grounds of divorce. Sec. 2356, R. S. The statute places them upon the same ground, attended by the same legal consequences. The cruelty complained of and proven consisted of acts of personal violence on the part of the husband; his striking her in one instance a severe blow in the face with his fist while she was lying in bed, which blow caused a wound that bled freely, and left a bruise for several days upon the face. The circuit court also found other instances proven of violent conduct on the plaintiff's part towards his wife, which in some cases were mitigated to some extent by her improper and exasperating behavior. The evidence is not before us, but we must presume it fully sustained the finding of the

court on the facts.  So, the simple question presented is, Where it is shown that each party has been guilty of an offense which the statute has made a ground for divorce in favor of the other, will the court interfere and grant relief to either offending party?  We do not perceive upon what logical principle the court could grant redress to the husband for the adultery of the wife when he himself has been guilty of an offense which would give her a right to an absolute divorce were she without fault.  Both parties have violated the marriage contract, and can the court look with more favor upon the breach of one than the other?  It is an unquestioned principle that where one party is shown to have been guilty of adultery such party cannot have a divorce for the adultery committed by the other.  *Smith v. Smith*, 19 Wis. 522.  Mr. Bishop says there is an entire concurrence of judicial opinion upon that point both in England and in this country, and that it makes no difference which was the earlier offense; nor even that the plaintiff's act followed a separation which took place on the discovery of the adultery of the defendant.  2 Bish. Mar. & Div. § 80. In the forum of conscience, adultery by the wife may be regarded as a more heinous violation of social duty than cruelty by the husband.  But the statute treats them as of the same nature and same grade of delinquency.  It is true, the cruelty of the husband does not justify the adultery of the wife; neither would his own adultery,— but still the latter has ever been held a bar.  And where both adultery and cruelty are made equal offenses, attended with the same legal consequences, how can the court, in the mutual controversy, discriminate between the two, and give one the preference over the other?  It seems to us that, as the law has given the same effect to the one offense as the other, the court should not attempt to distinguish between them, but treat them alike and hold one a bar to the other.  The following authorities enforce this view of the law where the

divorce law is like our own: *Hall v. Hall*, 4 Allen, 39; *Handy v. Handy*, 124 Mass. 394; *Nagel v. Nagel*, 12 Mo. 53; *Shackett v. Shackett*, 49 Vt. 195; *Conant v. Conant*, 10 Cal. 249; 2 Bish. Mar. & Div. §§ 78–87. See, also, *Adams v. Adams*, 17 N. J. Eq. 325; *Yeatman v. Yeatman*, L. R. 1 Prob. & Div. 489; *Lempriere v. Lempriere*, id. 569. We therefore think the circuit court was right in holding upon the facts that neither party was entitled to a divorce, because each was guilty of an offense to which the law attached the same legal consequences.

But the plaintiff's counsel contends that under sec. 2360, R. S., which provides that in an action for divorce on the ground of adultery, although the fact of adultery be established, the court may deny a divorce (1) when the offense shall appear to have been committed by the procurement or with the connivance of the plaintiff; (2) where the adultery charged shall have been forgiven by the injured party, and such forgiveness be proved by express proof or by the voluntary cohabitation of the parties with knowledge of the offense; (3) when there shall have been no express forgiveness and voluntary cohabitation of the parties, but the action shall not have been brought within three years after the discovery by the plaintiff of the offense charged. The adultery, he says, was found in this case, but none of the facts set forth in the above three subdivisions were found to exist, therefore the divorce should have been granted. This provision is declaratory of the common law, and gives the trial court discretion to refuse a divorce for adultery where certain things were proven or shown to exist. It might be claimed, in view of the statutory provisions, that the court had no discretion in the matter where the adultery was established, but was absolutely bound to grant the divorce, though there had been connivance of the parties, or condonation, or the injured party had unduly delayed bringing the action after a discovery of the offense.

To remove all doubt upon that point the provision was enacted. It was not intended to do away with the general principle that one cannot have redress for a breach of the marriage contract which he has violated by committing a like offense as that of which he complains, but must come into court with clean hands. This principle still pervades our law, and must be recognized.

From these views it follows that the judgment of the circuit court must be affirmed.

*By the Court.*— Judgment affirmed.