HUBBARD, Respondent, vs. HUBBARD, Appellant.

*October 16 — November 5, 1889.*

*Divorce: Plaintiff's adultery as a defense.*

In an action for divorce on the ground of cruel and inhuman treatment, adultery on the part of the plaintiff may be pleaded as a defense.

APPEAL from the Circuit Court for *Fond du Lac* County.

The following statement of the case was prepared by Mr. Justice CASSODAY:

This is an action for a divorce. The cause of action alleged in the complaint is for cruel and inhuman treatment on the part of the defendant. The answer is lengthy, and consists of admissions and denials; and, as a separate answer and counterclaim, alleges numerous acts of misconduct on the part of the plaintiff; and among other things, and for a further answer, alleges, upon information and belief, several acts of adultery committed by the plaintiff

with divers persons and at divers times and places particularly named therein. On motion of the plaintiff, the court struck out of the answer, as irrelevant, all that portion thereof relating to such adultery. From that order the defendant appeals.

For the appellant there was a brief by *Gerpheide & McKenna*, attorneys, and *Wm. D. Conklin*, of counsel, and oral argument by *Maurice McKenna*. To the point that the adultery of plaintiff is pleadable as a defense, they cited *Nagel v. Nagel*, 12 Mo. 53; *Hale v. Hale*, 47 Tex. 336, 342; *Shackett v. Shackett*, 49 Vt. 195; *Johns v. Johns*, 29 Ga. 718.

*A. M. Blair*, for the respondent.

CASSODAY, J. In support of the order, it is claimed that adultery is not pleadable as a *mere defense* or bar to the action, as it is said to be here pleaded. It has recently been held by this court that " where it is shown that each party has been guilty of an offense which the statute has made a ground for divorce in favor of the other, the court will not grant relief to either." *Pease v. Pease*, 72 Wis. 136. In that case the wife was found guilty of adultery, and the husband was found guilty of cruel and inhuman treatment, which was alleged by the wife in her answer merely as a defense and bar to the action. The same principle has been sanctioned in a recent English case. *Otway v. Otway*, L. R. 13 Prob. Div. 141. This is on the theory that " a judicial separation can only be granted where the petitioner comes to the court with a pure character, and is free from all matrimonial misconduct." *Ibid.*

*By the Court.*— The order of the circuit court is reversed, without costs, and the cause is remanded for further proceedings according to law.