## Carrie Decker v. William Decker.

95   655
a193s 285
95   655,
a193s 285

1. DIVORCE—*Recriminatory Defenses.*—In an action for divorce on the grounds of extreme and repeated cruelty and impotency, adultery on the part of the complainant may be pleaded as a recriminatory defense.

**Divorce.**—Appeal from the Circuit Court of Ford County; the Hon. JOHN H. MOFFETT, Judge, presiding. Heard in this court at the November term, 1900. Affirmed. Opinion filed June 20, 1901.

SCHNEIDER & SCHNEIDER and A. L. PHILLIPS, attorneys for appellant.

CLOUD, MOFFETT & THOMPSON and W. C. REEVES, attorneys for appellee.

MR. PRESIDING JUSTICE HARKER delivered the opinion of the court.

To appellant's bill for divorce, charging appellee, her husband, with extreme and repeated cruelty and also impotency, appellee answered, denying the charge, and, by recrimination, set up the counter charge of adultery against his wife. She excepted to the answer upon the ground that adultery is not a recriminatory charge when cruelty and impotency are charged in a bill for divorce. The court overruled the exception and, as appellant elected to stand by it, her bill was dismissed.

Whether the defendant in a divorce case may answer in bar the adultery of the complainant, where the charge in the bill is not adultery, is a question on which the courts of this country are not harmonious. In Pennsylvania and Minnesota it is held in the negative. Ristine v. Ristine, 4 Rawle, 460; Buerfening v. Buerfening, 23 Minn. 563. The affirmative of the proposition is held in California, Colorado, Missouri, Vermont, Georgia and Wisconsin. Conant v. Conant, 10 Cal. 249; Redington v. Redington, 2 Colo. Court of Appeals, 8; Ryan v. Ryan, 9 Mo. 539; Johns v. Johns, 29 Ga. 718; Shackett v. Shackett, 49 Vt. 195; Hubbard v. Hubbard, 74 Wis. 650.

In our State the exact question does not appear to have been presented to our Supreme Court but the decided weight of authority elsewhere is in the affirmative of the proposition. Our court has held that neither desertion, drunkenness nor cruelty will, under our statute, constitute a sufficient recriminatory defense to the charge of adultery. Bast v. Bast, 82 Ill. 584; Duberstein v. Duberstein, 171 Ill. 133; Stiles v. Stiles, 167 Ill. 576.

In Bast v. Bast the opinion contains the following language: "Had appellee been guilty of a like offense he could not obtain a divorce." If a complainant should be denied a divorce upon the ground that he is guilty of extreme and repeated cruelty, which is the same charge as that contained in the bill, certainly it should be denied to him if he stands confessedly guilty of the more serious offense of adultery.

Appellant, by her exception, admits that she is guilty of adultery. She does not appear before the court as entitled to favorable consideration. Adultery is the most grievous offense that can be committed against the marital vow. No other offense affects the purity of the home so seriously. There is none other which involves the question of parentage of the child. The contention that a spouse who is guilty of this most serious offense can have any standing upon an application to a court for the dissolution of marriage is repugnant to all principles of equity and the principles upon which good society and our laws are founded.

We therefore approve the action of the court below. Decree affirmed.