STATE EX REL. RINGER, Respondent, vs. HARPER, Appellant.

*May 5—May 21, 1914.*

*Officers: Removal for cause: Right to a hearing: Milwaukee city charter.*

Under ch. 459, Laws of 1887, giving to the mayor of Milwaukee power to remove the inspector of buildings "at any time, in case he shall neglect to perform the duties of his office, or shall for any reason be incompetent to perform the same," such inspector cannot be removed without a hearing. He is entitled to reasonable notice of the charges against him, opportunity to be heard by his witnesses and himself and counsel, and an opportunity to know of the opposing evidence and to meet it, and to have the final determination rest on evidence that reasonably supports it.

APPEAL from a judgment of the circuit court for Milwaukee county: FRANK A. ROSS, Judge. *Affirmed.*

This is an action of *quo warranto* by the relator to oust the defendant from the office of inspector of buildings of the city of Milwaukee and demanding that relator be reinstated in this office, from which he claims to have been unlawfully excluded and wrongfully deprived of the privileges and emoluments thereof.

Upon trial of the action the circuit court made findings of fact upon the evidence adduced and determined that relator had been unlawfully excluded from his office and deprived of its privileges and emoluments. The court awarded judgment in his favor and against the defendant. This is an appeal from such judgment.

For the appellant there was a brief by *Boden & Beuscher,* and oral argument by *F. X. Boden.*

For the respondent there was a brief by *Kronshage, Hannan & McMillan,* and oral argument by *J. W. McMillan.*

SIEBECKER, J.  It appears that the relator was duly appointed, confirmed, and that he qualified as inspector of buildings of the city of Milwaukee for the term of four years from the 1st day of June, 1911, and that he on this day entered the office and commenced to perform the duties thereof and continued to do so until the 31st day of July, 1912. Upon trial of the action the court found:

"That on July 31, 1912, Gerhard A. Bading, mayor of the city of Milwaukee, called complainant before him and charged complainant with neglect of duty and disregard of law in the matter of issuing a building permit for the alteration of the building located at 216 Grand avenue, and informed complainant of the condition of said building as the same was reported to said Gerhard A. Bading, which said charge was not admitted by the plaintiff but was in effect denied.

"That immediately after so charging complainant with neglect of duty, said mayor of the city of Milwaukee requested the said *Carl F. Ringer, Sr.,* to resign as such inspector of buildings, and, on his declining to do so, handed him a letter of dismissal theretofore prepared. . . ."

This letter is addressed to relator and states: "You are hereby dismissed from the office of inspector of buildings of the city of Milwaukee because of gross neglect of duty and flagrant disregard of law, . . ." and specifically basing this charge on relator's conduct in issuing the above mentioned

building permit. The court found that relator did not, at the time he was so dismissed from office by the mayor, acquiesce therein and that he did not then or thereafter abandon his office. It is also found by the court:

"That the dismissal was peremptory and summary and without previous notice. That the plaintiff was not, previous to his dismissal, furnished any statement of the charges made against him, or given any time or opportunity to make a defense to such charges, or to be confronted by the witnesses against him, or to present counterproof thereto. . . . That no neglect of duty, either in regard to the charges upon which the dismissal was based or otherwise, has been proven in the case, . . ."

and that the defendant has entered and usurped this office, and deprived relator of the privileges and emoluments thereof on and from August 20, 1912, by and with the consent of the mayor and common council of the city of Milwaukee.

We have examined the record and find that these facts so found by the trial court are amply sustained by the evidence and hence must be held to be verities on this appeal.

Ch. 459, Laws of 1887 (Milwaukee Charter, ch. V), provides for the appointment of an inspector of buildings for the city for a term of four years beginning in the month of June, 1887, and ending the fourth year thereafter, and prescribes in what manner he shall qualify for the office, prescribes his duties, and fixes his salary. It also provides: "The mayor of the city of Milwaukee shall have power to remove such inspector at any time, in case he shall neglect to perform the duties of his office, or shall for any reason be incompetent to perform the same." It is established that when the removal from office is for cause, unless authority is conferred by law that the removal may be peremptorily made without a notice or hearing, there cannot be a removal of an incumbent from office without according him a hearing, within the principle of due process of law, which secures to him reasonable notice

of the charges preferred as cause for removal, opportunity to be heard by his witnesses and himself and counsel, and an opportunity to know of the opposing evidence and to meet it, and to have the final determination rest on evidence that reasonably supports it. *Ekern v. McGovern,* 154 Wis. 157, 142 N. .W. 595; *State ex rel. Arnold v. Common Council of Milwaukee, post,* p. 505, 147 N. W. 50.

That the relator was not accorded a hearing in compliance with these rights is not disputed. It is obvious that a removal of the relator from his office by the city mayor under the provisions of the charter entitled him to a hearing. It necessarily follows that the trial court properly held that the mayor of the city acted without jurisdiction in the matter because .of the failure to accord relator a hearing before attempting to remove him from the office, and that the attempted appointment of the defendant to this office is void, and that defendant's entrance into the office was unlawful and an usurpation of the office of inspector of buildings, which the plaintiff was entitled to hold and the emoluments whereof he was entitled to receive.

*By the Court.*—The judgment appealed from is affirmed.