## Voss, Respondent, vs. Voss, Appellant.

*May 5—May 21, 1914.*

*Divorce: Trial: Denial of hearing: Prejudicial error: Misconduct of both parties: Denial of divorce: Order for support.*

1. In an action by a husband for a divorce the refusal of the court, at the close of the plaintiff's evidence, to hear the evidence of defendant or her witnesses practically denied her a hearing and was prejudicial error, although her deposition, taken upon her examination as an adverse witness, was before the court.
2. Where, in an action by the husband, the evidence was that plaintiff's misconduct was grossly immoral and unjustifiable and that much of the improper conduct of the wife was provoked by his misconduct, plaintiff is not entitled to a divorce.
3. Divorces must be granted on legal grounds, not upon the views of the court as to the propriety or advisability of the parties continuing to live together.
4. In this case, upon denial of the divorce asked by the husband, an order should be made under sec. 2366, Stats., for the support of the wife and child.

APPEAL from a judgment of the circuit court for Outagamie county: JOHN GOODLAND, Circuit Judge. *Reversed.*

This action was brought for divorce by the plaintiff hus-

band against the defendant wife on the ground of cruel and inhuman treatment. The defendant denied the material allegations respecting cruel and inhuman treatment and set up affirmative matter by way of defense and charged the plaintiff with cruel and inhuman treatment, and demanded that the plaintiff's complaint be dismissed. The court below found that plaintiff was entitled to a divorce from the bonds of matrimony and that the defendant was entitled to the custody of the infant daughter, Esther Voss, and that plaintiff pay to defendant for support of said infant daughter $10 a month quarterly in advance until said Esther arrived at the age of eighteen years, and that plaintiff pay to defendant $2,000, together with certain household furniture. Judgment was entered accordingly, from which this appeal was taken.

For the appellant there was a brief by *Cady, Strehlow & Jaseph,* and oral argument by *L. D. Jaseph.*

*A. M. Spencer,* for the respondent.

KERWIN, J. Several errors are assigned. It is first assigned as error that no cause for divorce was shown upon the plaintiff's own evidence; and especially in view of the fact that the defendant was not permitted to testify in her own behalf. The defendant was called as an adverse witness by plaintiff and testified, and from the evidence it is quite plain that both parties were in fault, and perhaps the plaintiff in as great if not a greater degree than the defendant. Moreover, after the plaintiff closed his evidence the defendant was denied a hearing, the court assuming that he had heard all he desired to hear and that the proper thing to do was to grant a divorce, doubtless because of the revolting character of the evidence disclosed by the adverse examination of defendant, together with the evidence of plaintiff.

The court below practically denied the defendant a hearing, refusing to hear her evidence or the evidence of other witnesses offered on her behalf. This conduct on the part of

the court was prejudicial error and entitles the defendant to a reversal. *Ekern v. McGovern,* 154 Wis. 157, 142 N. W. 595; *State ex rel. Ringer v. Harper, ante,* p. 421, 147 N. W. 633; *State ex rel. Arnold v. Common Council, post,* p. 505, 147 N. W. 50.

The court is of opinion that upon the record made the plaintiff was not entitled to a divorce. Plaintiff's conduct was grossly immoral and unjustifiable. Much of the improper conduct of the defendant was obviously provoked by the fault and misconduct of the plaintiff. Under such circumstances the plaintiff was not entitled to a divorce. *Skinner v. Skinner,* 5 Wis. 449; *Pease v. Pease,* 72 Wis. 136, 39 N. W. 133; *Hubbard v. Hubbard,* 74 Wis. 650, 43 N. W. 655. We shall not review the evidence, scandalous and grossly immoral as it is. Some of it should be expunged from the record, especially Exhibit 12. It is quite clear that the court below ordered judgment of divorce mainly for the reason that he did not think the parties could live together in harmony, not for the reason that plaintiff had made a case entitling him to a divorce. But divorces must be granted on legal grounds, not on notions of the court as to the propriety or advisability of the parties continuing to live together.

Counsel for appellant asks relief under sec. 2366, Stats., which provides:

"In a judgment in an action for a divorce, although such divorce be denied, the court may make such order for the support and maintenance of the wife and children, or any of them, by the husband or out of his property as the nature of the case may render suitable and proper."

We are of opinion that relief under sec. 2366, Stats., should be granted.

*By the Court.*—The judgment of the court below is reversed, and the cause remanded with directions to take such further evidence as may be necessary and grant the defendant the relief provided for by sec. 2366, Stats.