BANKS, Appellant, vs. BANKS, Respondent.

*December 8, 1915—January 11, 1916.*

*Divorce: Cruel and inhuman treatment.*

1. The grievous mental suffering which may be inflicted by one
   spouse upon the other by means of words and conduct causing
   wounded feelings may result in the most serious cruel and in-
   human treatment and render cohabitation intolerable and un-
   safe and wholly prevent the discharge of the marital duties by
   the innocent party.
2. Upon the evidence in this case a finding by the trial court that
   the treatment of the plaintiff husband by the defendant had not
   been cruel and inhuman is *held* to be erroneous; and a divorce
   should have been granted to him.

APPEAL from a judgment of the circuit court for St. Croix
county: GEORGE THOMPSON, Circuit Judge. *Reversed.*

Plaintiff brought this action for divorce from the defend-
ant, alleging cruel and inhuman treatment of him by defend-
ant and that such treatment made it dangerous and imprac-
ticable for him to live with her, and that he had faithfully
discharged his marital obligations throughout their married
life. The defendant by verified answer denied all of the al-
legations of the complaint, including the allegations of mar-
riage and that two children were born as the fruit thereof.
Upon the witness stand she testified to her marriage and
the birth of the two children as alleged in the complaint,
showing that she did not understand the effect of a general
denial of all the allegations of the complaint. The case was
tried to the court. Upon the evidence the court found as
fact, " . . . that both parties are at fault, and that under
the circumstances of the case the treatment of the plaintiff
by the defendant has not been cruel and inhuman. From
such evidence I am fully convinced that this is a case where
the parties should forget and forgive their past differences
and again live together as husband and wife, each resolving

and endeavoring to do better than before." The court awarded judgment dismissing plaintiff's complaint. From this judgment plaintiff appeals.

For the appellant there was a brief by *White & Skogmo,* and oral argument by *F. M. White.*

For the respondent there was a brief signed by *Warren P. Knowles,* attorney, and *W. T. Doar,* of counsel, and oral argument by *Mr. Doar.*

SIEBECKER, J. The plaintiff contends that the court erred in finding that the evidence fails to establish that defendant's treatment of him has been cruel and inhuman. The narrative abstract of the evidence covers 125 pages of the printed case and is too voluminous to repeat here in condensed form. A thorough study of it has convinced us that the court's conclusion that the evidential facts fail to show that defendant's treatment of the plaintiff had been cruel and inhuman is clearly wrong. It is without question that grave and serious troubles have existed between the parties, which began shortly after their marriage in July, 1902, and continued to the time of their separation in the month of May, 1914. The evidence of both the plaintiff and defendant shows that on frequent occasions the differences were accompanied by physical violence. It also appears that the course of misconduct on the part of the defendant grew in seriousness and frequency in recent years. The grievous mental suffering which may be inflicted by one spouse upon the other by means of words and conduct causing wounded feelings may result in the most serious cruel and inhuman treatment and render cohabitation intolerable and unsafe and wholly prevent the discharge of the marital duties by the innocent party. A careful and attentive study of the evidence in this case shows that the defendant's treatment of the plaintiff has been well calculated to inflict pain and suffering in body and mind. The evidence shows that defendant without cause or provocation ap-

plied to plaintiff epithets of insult, that she was guilty of studied acts of contempt and ridicule toward him, and that she constantly accused him unjustifiably, when at home, of omitting his parental and marital duties and of neglecting his professional and business affairs.   It appears that she in fits of anger and rage repeatedly prevented plaintiff from securing the necessary rest and sleep incident to his prolonged services in caring for his patients and that she almost daily interfered with his professional duties at his office by calling him to the telephone and applying to him opprobrious and insulting epithets and wrongfully accusing him of neglecting her and his family.   The course of defendant's conduct toward the plaintiff clearly shows that she is subject to uncontrollable fits of anger and that she has ill-treated the plaintiff in cruel ways by abusive and degrading epithets while under the influence of her angry and vindictive passions.   The evidence shows that this course of treatment has destroyed plaintiff's peace of mind and has injuriously affected his mental and bodily health to a degree which renders it impracticable to properly discharge the duties imposed by the marriage relation.

The court declares that both of the parties are at fault for this deplorable state of domestic affairs.   We have searched the record for evidence in support of this declaration, and it shows that plaintiff did not indulge in the use of abusive and opprobrious epithets in his intercourse with the defendant; that he did not seek to retaliate by word or act in his treatment of defendant except at occasional instances under extreme provocation; that he was reticent in speech concerning their domestic trouble either in or out of defendant's presence.   It also appears that he provided for defendant, their children, and their household affairs to the highest measure of his financial ability.   In arriving at these conclusions of fact upon the evidence adduced it should be observed that the defendant is not corroborated by any witness and that the

plaintiff is corroborated by the five witnesses who were maids in the service of the parties, the four witnesses who were clerks in plaintiff's drug store and office, all of whom testified to matters within their personal knowledge, and six others who had witnessed trouble between plaintiff and defendant in their home. The medical evidence supports the plaintiff in his claim that he was not in good health for a considerable period immediately preceding his separation from defendant.

We are persuaded that the record amply sustains the cause of action alleged by the plaintiff in his complaint and that plaintiff is entitled to the relief asked. *Freeman v. Freeman,* 31 Wis. 235. The evidence fails to show any recriminatory matter upon which the court would be justified to deny plaintiff relief upon his cause of action, within the rule of the adjudications in *Skinner v. Skinner,* 5 Wis. 449 ; *Pease v. Pease,* 72 Wis. 136, 39 N. W. 133, and other cases in this court. In our judgment the court clearly erred in finding that the evidence failed to show that the treatment of plaintiff by defendant was cruel and inhuman and in erroneously awarding judgment dismissing plaintiff's complaint.

*By the Court.*—The judgment appealed from is reversed, and the cause remanded to the circuit court with direction to render judgment in plaintiff's favor according to law.

TIMLIN, J., dissents.