HIECKE, Respondent, vs. HIECKE, Appellant.

*April 11—May 2, 1916.*

*Divorce: Recrimination: Cruel and inhuman treatment: Findings:*
*Sufficiency: Division of property: Costs.*

1. Misconduct of the plaintiff, if not in itself a ground for divorce,
   will not preclude the granting of a divorce on the ground of the
   defendant's misconduct, but may properly be considered on the
   question whether it so far provoked defendant's misconduct (in
   this case his alleged cruel and inhuman treatment of the plaint-
   iff) that a divorce should not be granted on that ground.
2. A divorce may be granted on the ground of cruel and inhuman
   treatment even though no actual impairment of the plaintiff's
   health was caused by defendant's conduct, if that conduct was
   such as naturally to cause great mental suffering to the plaintiff
   and render impairment of health probable, so that further ef-
   forts to perform conjugal duties would be dangerous.
3. In the absence of a specific finding of fact that the long continued
   ill-treatment of the plaintiff wife by defendant (as to which the
   court made detailed findings) imperiled her health, made the
   marriage state intolerable, and rendered her incapable of per-
   forming the duties of a wife, a conclusion of law that she was
   entitled to a judgment of divorce may be treated as inferentially
   finding those facts; but a specific finding on the subject would
   be much more satisfactory.
4. Allowance, in the taxation of costs in a divorce action, of $25 as ex-
   penses incurred by a court commissioner, before whom the de-
   fendant was examined, in listing and numbering checks, is *held*
   not to have been improper.
5. The division of property in this case is sustained, it not clearly
   appearing to be a departure from the general rule that a liberal
   allowance to the divorced wife is one third in money value of
   the husband's property, which may be increased to one half or
   more for special circumstances.

APPEAL from a judgment of the circuit court for Milwaukee
county: W. J. TURNER, Circuit Judge. *Affirmed.*

Action for a divorce on the ground of cruel and inhuman
treatment.

Defendant answered, denying all allegations upon which
the claim of cruel and inhuman treatment was based, and

pleading misconduct of plaintiff, palliating, if not justifying, any improper treatment of her.

As the trial court viewed the evidence it established the following situation:

(1) The parties intermarried at the city of Milwaukee, Wisconsin, May 25, 1898. (2) Since that time they have resided there. (3) They have four children, a son fifteen years old, a daughter twelve years old, a daughter ten years old, and a daughter seven years old,—all of whom have resided with plaintiff since June 29, 1914. (4) On many occasions defendant slighted plaintiff and did not speak to her, causing her much mental anguish. Upon her kindly protesting against such treatment, she was told by defendant that it was none of her business and if she did not like it she could go. In July, 1898, she was compelled to leave defendant and to reside with her parents. Following their advice and that of her brother, she returned, but defendant refused to speak to or forgive her. (5) On each occasion of the birth of a child, defendant neglected plaintiff by purposely remaining away from home. On one such occasion, though he was only four blocks away and knew that she was alone and in need of her nurse and physician, he refused to answer her urgent call for his presence. (6) He has been accustomed, for days, weeks, and months at a time, to refuse to speak to her. (7) June 25, 1914, he was out till 2:30 the following morning; then returned home intoxicated, took a valuable new blanket she had purchased, made it into a ball and threw it at her, stating that it was a cheap lodging-house blanket; at the same time, in the presence of the oldest son and a servant, using very vile and abusive language toward her, and he was accustomed to do that. (8) About six years prior to the commencement of the action, he returned home under the influence of liquor and, with his clothing offensive from tobacco and cigarette smoke, entered plaintiff's apartments, whereupon she spoke to him as to his condition and he left the room, since which time they have not cohabited as man and

wife. (9) On social occasions he customarily neglected her. (10) Usually she and the children have spent the summer months at her mother's at Cedar Lake, Wisconsin, defendant, as a rule, visiting her Saturday nights and remaining until Sunday night; but spending very little time with the family. He would, customarily, go fishing and then to a neighboring hotel and stay most all night drinking. In 1913 and 1914 he did not visit plaintiff and the family at all during their sojourn with her mother of some three months each season. (11) On Christmas, 1912, he refused to accept a Christmas present from her, or to dine with her and the family. He spent the day with his sister and there distributed presents to his children. (12) She possesses improved, income-yielding real estate for which she paid $5,800. On account of necessary outlays for repairs, the net income therefrom has been less than two per cent. (13) She has household furniture in her possession worth about $500 which was a gift from her parents. (14) He is a strong man of fair business capacity, a pharmacist by occupation, and has conducted a drug store, under an arrangement with his father, for years. The assets of the business are worth $9,000 and he has some contingent interest therein. (15) He owns one third of the $60,000 par value of the stock of the Turbine Sewer Machine Renovating Company, the value of which is nominal. The stock has not all been paid for. (16) He owns a city lot worth $100. (17) He owns a policy of life insurance on which he has paid, as the annual premium, $100 per year for fourteen years. (18) For six years he has given her $30 per week for household expenses, paid $20 per month for rent of the home, and paid about $15 per month for fuel bills, besides clothing the children. (19) She is a suitable person to have the custody of the children and it is for their interests that she should have such custody.

On such facts the court concluded as follows: Plaintiff is entitled to judgment of absolute divorce on the ground of cruel and inhuman treatment, and to be awarded custody of

the children.   The policy of insurance should be assigned to her, defendant to pay the annual premium until maturity. He should pay her $400 in six months, the same in twelve months, and the same in eighteen months.   He should be divested of all interest in the household furniture.   He should pay her attorneys $100 for attorneys' fees and pay the taxable disbursements of the action.   He should pay, until further order of the court, $80 on the first day of each month for the support of the minor children.   He should have the corporate stock mentioned, and the contingent interest in the drug-store assets.   Such distribution shall be a final division of property subject thereto.

Judgment was entered according to such conclusions except the provision for support of the children was made payable in weekly instalments.

There was a retaxation of costs as to $120 claimed by a court commissioner for service in the action for expenses incurred in listing and numbering checks.   That was reduced to $25.

*Adolph G. Schwefel,* for the appellant.

For the respondent there was a brief by *Lorenz & Lorenz,* and oral argument by *Le Roy B. Lorenz.*

MARSHALL, J.   It is considered that,—in the light of the rules governing the matter, particularly, that the findings are to be presumed correct unless against the clear preponderance of the evidence, giving due weight to the fact that the trial judge saw the witnesses and had a far better opportunity than is afforded by reading the printed history of the trial for weighing their testimony,—the conclusions of fact here cannot properly be disturbed.

It is contended that, though the facts found stand as verities, the divorce should not have been granted because of proof that the respondent was guilty of much matrimonial misconduct.   That misconduct of one party to a marriage con-

tract would justify or require, under some circumstances, denial of judicial assistance to such party to nullify such contract, is well established by the decisions of this court. That rule, so far as it relates to an absolute bar to a guilty party successfully prosecuting an action for a divorce, is limited, in general, to cases where both parties have been guilty of a legal cause therefor (*Pease v. Pease,* 72 Wis. 136, 39 N. W. 133; *Hubbard v. Hubbard,* 74 Wis. 650, 43 N. W. 655; *Voss v. Voss,* 157 Wis. 430, 147 N. W. 634) ; though it has been sometimes extended by judicial discretion to situations where the wrongful conduct of the complainant did not constitute a ground for a divorce, but induced such conduct on the part of the defendant.

The doctrine of recrimination, in relation to divorce actions, is quite ancient, as indicated in 2 Bishop on Marriage, Divorce and Separation, secs. 372 to 376, inclusive. It was a question, as will be seen, for a time, whether fault of the plaintiff should bar a divorce unless of the same grade as the fault charged against the defendant, as for instance, whether, in case of the latter charge being adultery, cruel and inhuman treatment on the part of the complainant would bar a recovery. The negative has been held in some state courts (*Dillon v. Dillon,* 32 La. Ann. 643), but, in general, it has been held in this country that conduct of the plaintiff constituting any cause for a divorce is a bar to an action for a divorce by such party on any ground. 2 Bishop, Mar., Div. & Sep. §§ 377, 378. Such is the rule, as stated in *Pease v. Pease, supra.* The prevailing doctrine is thus stated in 2 Bishop, § 340 : "Recrimination in divorce law is the defense that the applicant has himself done what is ground for divorce. . . . It bars the suit founded on whatever cause, whether the defendant is guilty or not." On the same subject, §§ 349, 365, and 368. This court went no further in *Pease v. Pease, supra.* The gist of the decision is correctly stated in the syllabus thus: "Where it is shown that each party has been

guilty of an offense which the statute has made a ground for divorce in favor of the other, the court will not grant relief to either." It is said in the opinion that such is the law in jurisdictions having written laws similar to our own, citing many authorities.

In the cases here subsequent to *Pease v. Pease,* the doctrine of the latter was not extended, as will be seen when the facts of the later cases are understood, though this language quoted in *Hubbard v. Hubbard,* 74 Wis. 650, 43 N. W. 655, from the opinion in *Otway v. Otway,* L. R. 13 Prob. Div. 141, is otherwise suggestive: "A judicial separation can only be granted when the petitioner comes to the court with a pure character, and is free from all matrimonial misconduct;" but the case shows the court was dealing with a situation of mutual misconduct, each party being guilty of conduct constituting ground for a divorce. It was conduct of that character that the quoted language was addressed to and not to cases, in general, of want of "pure character" or of "matrimonial misconduct." In *Voss v. Voss,* 157 Wis. 430, 147 N. W. 634, there was mutual misconduct of the nature required by the rule stated in *Pease v. Pease, supra.* It is very certain that this court did not intend to otherwise state the law in *Hubbard v. Hubbard, supra.*

The result of the foregoing is that, unless respondent was guilty of matrimonial misconduct constituting good ground for an action for a divorce, there is nothing in the evidence barring her from maintaining her action, even if it does disclose conduct on her part which might, properly, have been, and probably was, considered on the question whether it so far provoked appellant to his misconduct as to justify or require a conclusion that it fails to satisfy the call of the statute for cruel and inhuman treatment. There are no findings on the subject of matrimonial misconduct of plaintiff. None seem to have been requested. We must assume the trial court was of the opinion that the evidence did not warrant any which would bar her from obtaining relief, in case she estab-

lished her charge of cruel and inhuman treatment against appellant, or excusing his wrongful conduct.   We are unable to see our way clear to disturb such conclusion.

The question is raised on behalf of appellant as to whether, in any event, the circumstances mentioned in the findings warranted the conclusion that appellant was guilty of cruel and inhuman treatment of respondent.   There is no specific finding of fact on the subject, but we take the conclusion of law as inferentially finding that the long continued course of ill-treatment of respondent, mentioned, imperiled her health, made her marriage state intolerable, and rendered her incapable of performing the duties of a wife.   This court has often held that treatment which does, or is well calculated to, produce such results, satisfied the "cruel and inhuman treatment" of the statute.   *Freeman v. Freeman,* 31 Wis. 235, 248; *Reinhard v. Reinhard,* 96 Wis. 555, 71 N. W. 803; *Kohl v. Kohl,* 143 Wis. 214, 125 N. W. 921; *Banks v. Banks,* 162 Wis. 87, 155 N. W. 916.

It does not seem, by the later authorities, that actual impairment of health, caused by ill-treatment without violence, actual, threatened, or probable, is essential to cruel and inhuman treatment.   If the conduct of the guilty party is such as to naturally cause great mental suffering to the other, and render impairment of health probable, so that further efforts to perform the duties of the marriage state would be dangerous, that is sufficient.   That is the effect of *Kohl v. Kohl, supra.*   The wife need not submit to such treatment until actually broken down in health before being competent to successfully claim a judicial separation on the ground of cruel and inhuman treatment.   This court has departed from the doctrine, which obtains in some jurisdictions, that personal violence, actual or so threatened as to reasonably produce a belief of its being probable, is essential to cruel and inhuman treatment, and adopted the more humane construction of the statute above indicated.

Our conclusion is that the decision of the trial court on the

subject above discussed should not be disturbed, though the findings would be much more satisfactory if they contained a specific decision that the wrongful conduct referred to imperiled the health of respondent and rendered continuance of living together by the parties as man and wife intolerable and dangerous to her. Ill-treatment of the character mentioned in the findings might or might not have that effect, according to the temperament of the wife and her surroundings. The court saw respondent and, doubtless, concluded that she could not be subjected to such treatment and be expected to preserve her health or be able to perform her duties as a wife. That, as before stated, can well be read out of the conclusion as to appellant's guilt, presuming that the circuit judge was, as he must have been, familiar with the long established law here.

In the cost bill an item of $25 was allowed as expenses incurred by a court commissioner before whom there was an examination of appellant under the statute. Complaint is made of such allowance, also of the amount appellant was required to pay respondent for support of the minor children and of the amount which was awarded as her share on a division of property.

We do not perceive any efficient merit in the complaint of the $25 item. The expense seems to have been actually incurred by the court commissioner, and necessarily, in his judgment. We are unable to conclude that it was not so under the circumstances.

The allowance for support of the minor children, though quite liberal, does not appear to be so clearly excessive as to warrant overruling the trial court's judgment.

After a careful consideration of the disposition of the subject of division of property, it is considered that it should not be disturbed. The well established rule is that, in general, a liberal amount to be allowed to the divorced wife is one third in money value of the husband's property. That may be increased to one half or more for special circum-

stances.    *Edleman v. Edleman,* 125 Wis. 270, 104 N. W. 56;
*Von Trott v. Von Trott,* 118 Wis. 29, 94 N. W. 798; *Linden-
mann v. Lindenmann,* 118 Wis. 175, 95 N. W. 96.    It does
not clearly appear that there was a departure here from that·
rule.    The court, doubtless, considered that the value of ap-
pellant's interest in the $9,000 drug business was sufficient
to warrant the award to respondent which was made and it is
considered that the evidence does not clearly preponderate
against that view.    He had been allowed for a long time to
deal with the property very much as if he were the owner and,
evidently, the trial court came to the conclusion that he, sub-
stantially, was such.

    *By the Court.*—The judgment is affirmed.