Gray, Appellant, vs. Gray, Respondent.

*September 11—October 10, 1939.*

For the appellant there was a brief by *Frawley & Frawley* of Eau Claire, and oral argument by *Wm. H. Frawley, Jr.*

For the respondent there was a brief by *Stafford & Stafford,* attorneys, and *John Frampton* of counsel, all of Chippewa Falls, and oral argument by *Mr. Frampton.*

FOWLER, J.   The action is by a wife for a divorce from bed and board for cruel and inhuman treatment and failure to support with counterclaim for absolute divorce for desertion.   Judgment was granted on the counterclaim.   On appeal from the judgment the plaintiff assigns as error, (1) refusal to grant the plaintiff's judgment of divorce from bed and board; (2) granting of the absolute divorce to the defendant; (3) awarding only $5 per month alimony to the plaintiff; (4) denying attorney's fees to counsel for plaintiff in addition to the $25 temporary allowance therefor; (5) denial of plaintiff's motion for a new trial.   The several assignments of error will be taken up under the above numeral headings.

The complaint alleges that the defendant for many years prior to the separation treated the plaintiff in a cruel and inhuman manner by constantly nagging, complaining, swearing, and using abusive language toward the plaintiff in the presence of the children and other members of the family,

and by gambling; that for these reasons the plaintiff was about to leave defendant in 1923, but continued to live with him until 1925 by reason of his then promising to reform and treat her properly, but failed to keep such promises. The plaintiff also alleged a second cause of action for failure to support her since the separation, in which she charged the defendant with running around with other women.

The counterclaim alleges that the plaintiff at the time of the separation wilfully deserted the defendant and from the time of separation to the commencement of her action wilfully continued her desertion. The defendant by answer denied the allegations of the complaint and the plaintiff by reply denied the allegations of the counterclaim.

(2) We will first take up plaintiff's assignment of error (2). The parties were married in 1895. They had three children, all now adults. At the time of trial the parties were each sixty-four years old. The defendant has been employed continuously since the occurrence of the matters alleged as ground of action in the complaint and counterclaim as a railroad trainman and conductor, and earns and has earned approximately $160 to $165 per month during the entire period. The parties separated in March, 1925, and have lived apart since. The plaintiff commenced her action in 1937. Thus, the parties lived together thirty years before their separation, and plaintiff began her action nearly thirteen years after the separation occurred.

The defendant's claim of desertion is based on evidence that at the time of the separation of the parties the plaintiff refused to move with him to Chippewa Falls where he was required to live to keep a job on the railroad. The parties were living at Eau Claire. The defendant had been on a short run from Eau Claire to Chippewa Falls. This run was to be abandoned. He was required to take a main-line run, Irvine to Minneapolis, and claims he was required to reside at one of the terminals in order to hold his job. The defendant testified that he notified his wife that he had secured the

Irvine-Minneapolis run and had to move to Chippewa Falls, of which Irvine was a part, and that she said "you may move but I won't." He further testified that when he made his first run from Irvine to Minneapolis he told the plaintiff that if she made up her mind she would not move to Chippewa Falls to have his clothes packed in his trunk when he got back from the run. When he returned his trunk was packed. He said to the plaintiff, "This looks as though I am going to move," and she answered "You can take your clothes and move out." Irvine is the junction point of the stub line from Eau Claire with the main line of the railroad for which the defendant worked. It was at the time of the separation a part of Chippewa Falls, but now is about a mile from its city limits. The defendant testified that he had arranged to rent four rooms or a four-room house, it does not appear which, on Water street, which is not in Irvine, but in Chippewa Falls. The plaintiff admitted in her testimony that she knew that it was necessary for her husband to live at Chippewa Falls or at Irvine; that she refused to move there with him; that the reason that she refused to move was that she was among people in Eau Claire that she knew, would be among strangers, and she had a chance in Eau Claire to make some money. She intended to run a little rooming house there. The trial judge stated at the close of the testimony that he was satisfied the defendant told the truth. If so he was entitled to a divorce for desertion when the plaintiff refused to move with him to Chippewa Falls. He also testified that he went on two occasions after he had moved to Chippewa Falls to the place in Eau Claire where plaintiff was residing. The plaintiff and a sister were running a rooming and boarding-house. He paid for his meals on these occasions. He talked to his wife. She was lying down. He told her she was not able to do the work and coaxed her to come to Chippewa Falls to live. She said she would not live in Chippewa Falls on a bet. A little later he went the second time. After laying fifty cents on his plate for a meal he laid down a $10 bill.

The plaintiff's sister told the plaintiff not to accept it. She didn't need it. The plaintiff asked what the bill was for, and defendant said it was for her, she might use it, it might come handy. The plaintiff said it only caused trouble for her. She wished he would not come any more. She also said she was not cooking for him any more. If this testimony of the defendant is true, and the trial judge said at the close of the trial that he believed it was, there was a continuous desertion.

In the case of *Gleason v. Gleason,* 4 Wis. *64, the rule was laid down that the husband has the right to select the place where the family shall reside, and that if the wife unreasonably refuses to remove with him to the place he selects, her conduct constitutes wilful desertion under the divorce statute, sec. 247.07 (4). Such has remained the rule in this state ever since. Such has been referred to or stated as the rule in two cases involving homestead rights, *Godfrey v. Thornton,* 46 Wis. 677, 683, 1 N. W. 362, and *Beranek v. Beranek,* 113 Wis. 272, 277, 89 N. W. 146, and in two involving divorces, *Friend v. Friend,* 65 Wis. 412, 27 N. W. 34, and *Schopps v. Schopps,* 188 Wis. 151, 159, 205 N. W. 829. From the *Gleason* and *Schopps Cases* cited it appears that to warrant a judgment for wilful desertion on this ground it must appear that the refusal of the wife is unreasonable.

In the instant case there is no express finding that the wife's refusal to remove was unreasonable, but from the oral statements of the trial judge made at the conclusion of the trial it is plain that he so considered it, and in that view we concur. Her own testimony fully supports that view. Thus the granting of the divorce upon the husband's counterclaim was correct and the judgment of the court must be affirmed so far as it decides the status of the parties.

(1) What is said under (2) renders it unnecessary to say much under this heading. If the defendant was entitled to an absolute divorce on his counterclaim, the plaintiff could not be entitled to a divorce from bed and board on her complaint. The charges in the complaint, as to the defendant's

gambling and running around with women, were without support in the evidence because based upon hearsay. The trial judge considered that the wife's refusal to go with the husband was not due to his conduct charged in the complaint but was due to her not being willing to move to Chippewa Falls. And while there is evidence of the plaintiff's ill-health, it does not appear that the conduct of the defendant caused it, or rendered it probable that by continuing to live with him it would so affect her health as to make such continuance dangerous, one of which is essential to constitute cause for divorce for cruelty not based on personal violence. *Johnson v. Johnson,* 107 Wis. 186, 83 N. W. 291; *Hiecke v. Hiecke,* 163 Wis. 171, 157 N. W. 747. As to the cause of action for nonsupport, a wife forfeits her right to support if she deserts her husband, and cannot maintain an action for divorce on that ground. *Friend v. Friend, supra.* The judgment contained no express provision dismissing the plaintiff's complaint, but granting the divorce for the defendant on his counterclaim imports such dismissal. We cannot overturn that judgment unless it is contrary to the great weight and clear preponderance of the evidence, and we cannot say the instant judgment is not so supported.

(5) The motion for a new trial is grounded on affidavits which assert that the defendant was not maintaining a home in Minneapolis which he employed a man and his wife to keep for him, as he testified at the trial he was doing, but assert in effect that he was living in a house in Minneapolis in adultery with one Lulu Preston, and in effect assert that he not only had been associating with her during all the period of the separation of the parties to the suit, but had also associated with her prior to the separation. So far as the affidavits refer to such association at the time of and prior to the separation they are merely cumulative to the evidence given on the trial and impeaching. A new trial will not be granted on evidence of this nature. Only the fact of such conduct prior to separation is material to the cause of action

for cruel and inhuman treatment set forth in the complaint and no valid excuse for the facts in that regard not being presented on the trial is shown. And such evidence is not material to the plaintiff's cause of action for failure to support. Plaintiff having been found guilty of desertion, no obligation to support existed. The affidavits also assert that the defendant was not required to move to Irvine or Chippewa Falls to keep his Minneapolis run, but could have kept it by continuing to live in Eau Claire and maintaining telephone connection with the train dispatcher's office at Irvine. The facts in this regard would only go to the reasonableness or unreasonableness of plaintiff's refusal to move. They were readily accessible at the time of the trial and should have been presented on the trial.

It thus appears that the motion for a new trial was properly denied unless it should have been granted because of probable false swearing of the defendant as to the way he kept house in Minneapolis, or because of the showing respecting his living in adultery during the period of separation. Whether the defendant was employing a man and his wife to keep house for him was immaterial to the causes of action set forth in the complaint and counterclaim. If adulterous conduct of the defendant during the period of separation had been shown upon the trial, both parties should have been denied a divorce, the plaintiff because she failed to prove a cause of action, and the defendant because of his misconduct during the separation. *Pease v. Pease,* 72 Wis. 136, 39 N. W. 133; *Hubbard v. Hubbard,* 74 Wis. 650, 43 N. W. 655; *Voss v. Voss,* 157 Wis. 430, 147 N. W. 634; *Hiecke v. Hiecke, supra.* But the denial of a divorce to the defendant would have availed the plaintiff nothing. Her complaint would have had to be dismissed for her failure of proof. She is apparently better off than if adulterous conduct of defendant after the separation had been shown upon the trial. She has a $5 a month alimony order in the judgment rendered, whereas she would probably have had nothing had the counterclaim

been dismissed, although sec. 247.28, Stats., would apparently have authorized alimony had the court seen fit to award it.

The mere fact that the defendant swore falsely as to his manner of living in Minneapolis, if he did so swear, does not entitle the plaintiff to a new trial, even if it amounted to perjury. Judgments are not set aside for that reason. Admission of perjury does not require a new trial even though it might under some circumstances justify it. *Beck v. Wallmow,* 226 Wis. 652, 277 N. W. 705. No more should proof of perjury not admitted. The granting of new trials is in the discretion of the court and should not be disturbed except for abuse of it. *Jolitz v. Fintch,* 229 Wis. 256, 282 N. W. 87. We cannot say there was such abuse in the instant case.

(3) It is claimed the allowance of $5 a month as alimony to the plaintiff is so inadequate as to entitle her to have it increased. It would seem *a priori* that if the court deemed her entitled to alimony the allowance should have been larger. But one of the plaintiff's daughters in soliciting from the defendant contribution toward her support about five years before the trial, suggested that even $2 a month "would help her out." The plaintiff has been supported by an unmarried daughter for the most part but lived with a married daughter for about three years.

The general rule is that when the husband is granted a divorce from his wife for her misconduct alimony will not be granted to her. 19 C. J. p. 244, § 508. There are statutory provisions in some states that change this rule. Our sec. 247.26, Stats., in part reads:

"Upon every divorce from the bond of matrimony for any cause excepting that of adultery committed by the wife, and also upon every divorce from bed and board, the court may further adjudge to the wife such alimony out of the estate of the husband, for her support and maintenance, . . . as it shall deem just and reasonable."

On its face the provision quoted implies that the power to grant alimony exists, except in case of adultery of the wife,

even when a divorce is granted for fault of the wife. In the case of *Crugom v. Crugom,* 64 Wis. 253, 25 N. W. 5, a divorce absolute was granted on the complaint of the husband for his wife's desertion. The question litigated was not whether alimony could be awarded the wife, but whether no provision therefor being inserted in the judgment, judgment for alimony could thereafter be granted. It was taken for granted that the power to award alimony existed. It would seem that after a wife had lived with her husband for thirty years, as here, had borne him three children, and cared for them to their maturity, the husband might properly be held under obligation to keep her from destitution, even if she had refused to follow him to a residence selected by him to which she unreasonably objected. It would seem anomalous that while the wife, who has deserted her husband, has no claim upon him for support while the marriage status remains unchanged, yet may have claim upon him after that status has been destroyed by the granting to him of an absolute divorce because of her desertion. But the point need not be pressed. The defendant has not appealed from the judgment. The granting of alimony of a small amount is not infrequently made so as to leave the court the power to make an award for greater amount if the circumstances change so as to require it. Sec. 247.32, Stats. We are of opinion that the portion of the judgment awarding the alimony should be affirmed.

(4) The trial court on application before trial granted a temporary allowance of $25 attorney's fees. At close of the trial a motion for a further allowance was denied. The plaintiff asks this court to direct an additional allowance for conduct of the trial. The record shows that the trial was closely contested and there is nothing in the record to indicate the contest was not in good faith on the part of plaintiff and her counsel. The transcript of the evidence covers eighty-seven typewritten pages. The allowance is meager. It is true that this court may increase the amount allowed as counsel fees to

a wife in a divorce case if the amount allowed is deemed not reasonable under all the circumstances of the parties and of the case. *Cudahy v. Cudahy,* 217 Wis. 355, 362, 258 N. W. 168. The trial judge expressed at the close of the trial his view that the attempt to show by hearsay and nonprobative evidence that the defendant gambled, wrongfully associated with a woman not his wife, and drank intoxicating liquor to excess, was highly improper. He apparently considered that attorneys should not be paid for besmirching character on the trial of a lawsuit by mere innuendo and hinting. We consider that we should not interfere with the court's refusal to make additional allowance. Counsel also urge that this court should make an allowance for counsel fees to plaintiff for services in this court. They made no application to the lower court, as required by sec. 251.431, Stats. (Supreme Court Rule 43a), but seek to excuse failure to do so because they believed such application would be denied by the trial court. We cannot accept this belief as warranting us to ignore and violate our own rule.

*By the Court.*—The judgment and order of the county court appealed from are affirmed.