Wachholz vs. Wachholz,

Wachholz, Appellant, vs. Wachholz, Respondent.

*December 5, 1889 — January 7, 1890.*

### Divorce: Cruelty.

Findings to the effect that the husband has given himself up to dissipation, neglected his family and business, squandered his money, acquired a thirst for drink and sometimes drinks to intoxication, has become soured in temper, often treats his wife unkindly, and swears at her, and twice has struck her in anger, and that his ill-natured conduct to her has been so serious, and the ruin impending over the parties, caused by his habits, is so imminent, that she regards her future, if she remains with him, with the most gloomy forebodings, and feels she can no longer live with him, and has good reason so to feel,— are *held* to make a case of cruel and inhuman treatment, within the meaning of sec. 2356, R. S.

APPEAL from the Circuit Court for *Outagamie* County.

The parties are husband and wife, and this action was brought by the wife to obtain a divorce from her husband. The principal ground assigned therefor is cruel and inhuman treatment of her by the defendant, although it is charged in the complaint that he is dissipated and squanders his money in saloons.   There is no bill of exceptions. The findings of fact by the court, and its conclusions of law therefrom, are as follows:

" *First.* The parties were married as alleged in the complaint, and have lived in Outagamie county, Wisconsin, ever since their marriage.

" *Second.* About three years ago the defendant purchased the farm in the complaint named in his own name, but the father of the plaintiff paid $1,000 down on such purchase, that being all that was paid down thereon. Since then but little of principal or interest has been paid on the farm, except $300, for which the plaintiff's father signed notes with the defendant, and will probably have to pay, and about $300 that has been paid by the defendant without the father of the plaintiff securing the same.

"*Third.* The plaintiff has been a laborious, economical, and prudent wife.

"*Fourth.* The defendant has given himself up to dissipation, spending his time to a considerable extent evenings, and to some extent in the day-time, in saloons, drinking, and playing at and witnessing games, neglecting his family and business, and has run behind during those three years $1,300 and upward, over what he has expended in farm machinery, stock, and household goods, and to secure his debts has given to his father and brothers chattel mortgages on his personal property, amounting in the aggregate to about $900, one or more of which have been given by him since this action was commenced, and in defiance of an injunction in the case against his selling or incumbering his property, duly served upon him.

"*Fifth.* Defendant has not as yet become an habitual or common drunkard, but he has spent so much of his time in saloons, drinking, that he has acquired a thirst for drink to that extent that he has kept distilled liquors and alcohol concealed in his grain in his barn, has there drunk to intoxication on some occasions, and his temper has become soured. He often treats his wife unkindly, and swears at her, and on two occasions he has struck her, but the blows were not of a serious character, being but little if anything more than rough treatment of his wife, under the impulse of sudden anger, evincing no intention on his part to punish the plaintiff or injure her materially, and which would not have been regarded by the plaintiff as of much account if, in other respects, the conduct of the defendant had been reasonably good, and if his habits were such that he was prosperous financially. But the ill-natured conduct of the defendant has been so serious, and the ruin impending over him and the plaintiff from the habits of the defendant has become so imminent, that the plaintiff has become discouraged, and has come to look to her future, if she spends it

with the defendant, with the most gloomy forebodings, and has great reason to do so; and she feels that she can no longer live with the defendant.

"*Sixth.* I think the evidence does not establish that the violence to the plaintiff by the defendant was of a serious nature, or that will be likely to be repeated by the defendant with a serious intent to injure the plaintiff, or that she has been injured bodily to any serious extent thus far, or that her health has been or is likely to be impaired by the treatment of the defendant, or by such treatment in future as she has received by him in the past, unless he continues his dissipation and becomes a common drunkard, which, indeed, is greatly to be feared.

"As to the law: (1) I find that it does not provide for a divorce for the cause proven on this trial. (2) That the complaint in this cause must be dismissed on the merits, but, as the defendant is at fault, there must be judgment against him for the costs of this case, and fifty dollars suit money for the plaintiff."

Judgment was entered accordingly, dismissing the complaint on the merits, but for costs and $50 suit money against the defendant. The plaintiff appeals from that portion of the judgment which refuses her a divorce and dismisses her complaint on the merits.

*John Goodland,* for the appellant.

For the respondent the cause was submitted on the brief of *Wesley Mott.* He cited 2 Wait's Act. & Def. 564, 567; 1 Bishop on Mar. & Div. 717, 722, 734; *Finley v. Finley,* 9 Dana (Ky.), 52; *Freerking v. Freerking,* 19 Iowa, 34; 2 Kent's Comm. 102.

LYON, J. The testimony not having been preserved by a bill of exceptions, the only question presented by this appeal is, Do such findings support the conclusions of law and judgment?

The findings acquit the plaintiff of all blame for the unfortunate condition in which she is placed. On the other hand, they establish conclusively that for three years before the trial the husband had given himself up to dissipation, had neglected his family and business, and had spent much of his time in saloons, drinking and playing or witnessing games; that over and above his expenditures for machinery, stock, and household goods he has squandered a large amount of money; that he has acquired a thirst for drink, and keeps distilled liquors and alcohol concealed in the grain in his barn, and has drunk thereof to intoxication on some occasions; that his temper has become soured, and he *often* treats his wife unkindly, and swears at her, and twice has struck her in anger, and that his ill-natured conduct towards her has been so serious, and the ruin impending over the parties, caused by the habits of the defendant, is so imminent, that the plaintiff regards her future, if she remains with her husband, with the most gloomy forebodings, and feels she can no longer live with him, and has good reason so to feel.

These findings make a perfectly clear case of cruel and inhuman treatment, within the meaning and intent of the statute (R. S. sec. 2356), and a divorce should have been granted for that cause, if for no other. That the tendency and necessary result of the husband's ill treatment of his wife (which, the court substantially finds, is habitual) is and must be to render her married life intolerable, and to destroy her health as well as her peace of mind, cannot be doubted. The case is within the rule of *Freeman v. Freeman*, 31 Wis. 235, reaffirmed in *Crichton v. Crichton*, 73 Wis. 59. The discussion of the subject in those cases renders any further consideration of it here quite unnecessary.

Furthermore, we are inclined to think the findings show that the defendant is an habitual drunkard. But we do not pass upon this proposition, because the complaint does not,

in terms, allege his habitual drunkenness as a ground for divorce.

*By the Court.*— The portion of the judgment appealed from is reversed, and the cause will be remanded with directions to the circuit court to render judgment granting the divorce as prayed. The circuit court will also settle all questions which may arise concerning alimony and allowances, including an allowance (if, in the opinion of that court, it ought to be made) for reasonable attorney fees in this court on this appeal, over and above taxable costs, and concerning the care and custody of the child of the parties, and may include its orders and determination in those matters in the judgment. The defendant must pay the taxable costs of appeal in this court.

