Reinhard vs. Reinhard.

For the appellants there' was a brief by *Francis Williams* and *Krez, Kellogg & Krez*, and oral argument by *H. L. Kellogg*.

For the respondent there was a brief by *Quarles, Spence & Quarles*, and oral argument by *T. W. Spence*.

REINHARD, Respondent, vs. REINHARD, Appellant.

*May 26 — June 11, 1897.*

*Divorce: Cruel and inhuman treatment: Final division of property: Judgment.*

1. In an action for a divorce, evidence showing, among other things, that the husband lived and slept in the same house with his wife, and ate at the same table food prepared by her, without speaking to her except in anger for a period of three months, is *held* sufficient to warrant the granting of a decree on the ground of cruel and inhuman treatment.

2. A mere conclusion of the trial court, in a divorce action, to make a final division of the property of the husband, and a reference to take proofs and recommend a proper division, do not constitute a final division within the meaning of sec. 2369, R. S., prohibiting the making of other provisions for the wife in the future when the property has been finally divided.

APPEAL from a judgment of the circuit court for Milwaukee county: D. H. JOHNSON, Circuit Judge. *Modified.*

*C. W. Briggs*, for the appellant.

*W. J. Turner*, for the respondent.

CASSODAY, C. J. This is an action for divorce, on the ground of cruel and inhuman treatment, otherwise than by personal violence. The answer consists of admissions, denials, and counter allegations, and, among other things, that the plaintiff had fallen in love with some other person.

At the close of the trial, the court found, as matters of fact, in effect, that both parties were residents of Milwaukee, and had been since 1890; that they were married July 28, 1880; that there was no issue of such marriage; that the allegations in plaintiff's amended complaint as to cruel and inhuman treatment were proven and true; that the defendant was guilty of the cruel and inhuman treatment charged in the complaint, practiced otherwise than by personal violence; that the property of the defendant was so situated that it was to the best interests of the parties that there should be a final division of the defendant's estate between the plaintiff and the defendant; that the court was not then sufficiently advised by proofs as to the value of the defendant's estate or the division thereof which ought to be made. Among the allegations of the complaint so found to be true are those to the effect that, for a very long time before the commencement of the action, the defendant treated the plaintiff in a cruel and heartless manner, and with utter indifference and neglect; that about six years before, in a fit

·of anger,.he struck her; that in June, 1895, he raised his hand in a threatening manner, as if to strike her, and said that, if she had not then cause for divorce, he would give her cause, and drove her out of the house; that he was of a ·sullen and morose disposition, and for three months prior to May, 1894, refused to speak or communicate with her, but ignored her entirely; that the plaintiff, having saved a little money, and believing that separation for a short time might restore affection, went to Germany, and remained there from May to September, 1894; that, upon her return, he, for about four weeks, treated her kindly, and then again ·commenced to treat her with indifference and to ignore her entirely, and refused to speak to her or communicate with her, and did not speak to her until May, 1895, although the plaintiff and defendant lived in the same house and ate at the same table, the plaintiff preparing the morning meal, the others being taken at a boarding house; that such treatment was so notorious that it was observed by others, and caused the plaintiff great sorrow, shame, and disgrace, and at one time so depressed her that she attempted to commit suicide; that, by reason of such treatment, plaintiff had lost affection, regard, respect, and esteem for the defendant, and could no longer remain in the same house with him; that the plaintiff's health had been ruined by such treatment.

And, as conclusions of law, the court found, in effect, that the plaintiff was entitled to judgment of divorce, and or- dered the same accordingly, and thereupon referred the case to a court commissioner, to take proofs of the value of the defendant's estate and report the same to the court with his recommendation as to the division proper to be made between the parties, and that, upon the coming in of the report, a further decree would be entered making division of said prop- erty, as to the court it might seem just and proper. Upon such report being made and hearing had, the court modified the same and its findings, so as to allow the plaintiff to have,

and recover from the defendant alimony, instead of a division of the estate. The report was otherwise confirmed. The court found that $50 per month was a fair and reasonable sum for the defendant to pay the plaintiff as permanent alimony, to commence October 22, 1896; and that the defendant be required to secure the payment thereof by bond, with sureties to be approved by the court, conditioned for the payment thereof on the 1st day of each and every month; and that the defendant pay to the attorneys of the plaintiff $350 as attorney's fees, in addition to the attorney's fees to be taxed in the action; and ordered judgment accordingly; and, from judgment so entered, the defendant brings this appeal.

The evidence as to cruel and inhuman treatment is not as pronounced and tangible as would naturally be expected in such a case, but, after careful consideration, we are constrained to hold that the findings of the trial court in that respect are sustained by the evidence. Marriage implies companionship, and is supposed to be based upon mutual regard and affection. For a husband and wife to live and sleep in the same house, and eat at the same table food prepared by the wife, without the husband speaking to the wife, except in anger, for a period of three months at a time, must have been, at least, very disagreeable, if not unbearable. That such was the fact does not seem to be very seriously disputed. It certainly evinced abnormal affections, persistent wantonness, and deliberate perversity. The effect of such conduct upon a nervous, sensitive woman can better be imagined than described, and may have seriously impaired the plaintiff's health, as found by the court. This court has repeatedly held that personal violence, whether actual or threatened, or even gross and abusive language, is not absolutely essential to constitute cruel and inhuman treatment. *Freeman v. Freeman*, 31 Wis. 235; *Crichton v. Crichton*, 73 Wis. 59; *Wachholz v. Wachholz*, 75 Wis. 377;

*Hacker v. Hacker*, 90 Wis. 325. We cannot hold that the divorce was improperly granted.

It is true, as contended, that when the husband's estate, in such a case, is finally divided, no other provision can thereafter be made for the wife. R. S. secs. 2364, 2369. But no such final division was ever made in the case at bar. The mere conclusion to so finally divide was subject to such change and modification as the trial court might make, prior to the time of the entry of the judgment thereon. We have concluded, however, to reduce the permanent alimony from $50 per month to $25 per month.

*By the Court.*— That part of the judgment of the circuit court so allowing $50 per month is reversed and modified so as only to allow $25 per month, but the judgment in all other respects is affirmed; the taxable costs of this court to be paid by the defendant.