Argued March 3, affirmed March 23, 1920.

# BUTTON v. BUTTON.

(188 Pac. 180.)

**Divorce—Cruelty Depends on Degree of Refinement of Person Affected.**

1. Cruelty is a question of fact dependent upon the circumstances and individuals involved, and what would be cruelty to a delicate, sensitive woman might not be so to a brawling fishwife.

From Coos: John S. Coke, Judge.

Department 1.

The parties to this case were married October 12, 1906, and have a daughter now of the age of nine years. The complaint charges the defendant with cruel and inhuman treatment and personal indignities toward the plaintiff rendering her life burdensome, making specifications not necessary to be quoted. The answer was a general denial without new matter.

AFFIRMED.

For appellant there was a brief and an oral argument by *Mr. C. R. Wade.*

For respondent there was a brief over the names of *Mr. George P. Topping* and *Mr. I. N. Miller,* with an oral argument by *Mr. Topping.*

PER CURIAM.—The testimony indicates that the plaintiff was in poor health, on account of which she was somewhat querulous, and that the defendant was penurious and disputatious. Cruelty cannot be measured accurately like the dimensions of a solid body. It is a question of fact, dependent upon the circumstances and individuals involved. What would be cruel to a delicate, sensitive woman might not be so

to a brawling fishwife. The trial judge had before him the parties and witnesses in person, heard the testimony, saw the demeanor of the litigants, and had a far better opportunity to settle intelligently the question of fact involved than we can upon a paper record.

In substance, the decree of the Circuit Court granted a divorce to the plaintiff, gave her the custody of the minor child, declared her to be the owner in fee simple of one third of a small tract of land owned by the defendant, and required him to pay $15 per month for the support of the child until further order of the court and while in the custody of the plaintiff, but allowed the defendant to visit the child at all proper and reasonable times, with the proviso that if the plaintiff became sick and unable to care for the child its custody should be transferred to the defendant until the plaintiff could again resume its care, the monthly payment not to be required during the continuance of the change of custody.

In our judgment, under all the circumstances, this is an equitable disposal of the issue and should be affirmed, without costs to either party.

AFFIRMED.