Argued February 27, affirmed March 18, 1924.

## P. S. KAADT v. REGINA M. KAADT.

### (223 Pac. 934.)

**Divorce—Wife's Conduct and Attitude Toward Husband Held to be "Cruel and Inhuman Treatment."**

Where a wife's peculiarities of temperament were such that it would be impossible for anyone to live with her in peace, and her conduct in that respect and her general attitude towards her husband having been such as to humiliate him, injure his health and prospects as a physician, and unjustly degrade him in the community, it constituted cruel and inhuman treatment.

From Multnomah: ROBERT TUCKER, Judge.

Department 2.

This is a suit for a divorce. There was a decree for plaintiff as prayed for in the complaint, and from this decree the defendant appeals.        AFFIRMED.

For appellant there was a brief and oral arguments by *Mr. John B. Cleland* and *Mr. Wm. A. Williams.*

For respondent there was a brief over the names of *Messrs. Brice & Brazell* and *Messrs. Joseph, Haney & Littlefield,* with an oral argument by *Mr. Edward J. Brazell.*

McBRIDE, C. J.—We have carefully considered the testimony and are satisfied therefrom that the allegations of the complaint are substantially sustained and that the court was fully justified in its findings in favor of plaintiff. There are no questions of law arising that have not been decided over and over again by this court, and to spread upon the records the facts shown upon the trial would simply encumber the reports and be of no interest to anyone.

Habits or cause of conduct of spouse as cruelty warranting divorce, see notes in Ann. Cas. 1918B, 480, 500.
See 19 C. J., p. 49.

A careful reading and rereading of the testimony satisfies us that, while the defendant is a good woman morally, she possesses such peculiarities of temperament that it would be impossible for anybody to live with her in peace, and that her conduct in this respect and general attitude towards her husband has been such as to humiliate him, injure his health and prospects as a physician, and unjustly to degrade him in the community to the extent that it constitutes cruel and inhuman treatment within the meaning of the law.

The decree of the Circuit Court is therefore affirmed.                               Affirmed.

   Bean, Brown and McCourt, JJ., concur.