Argued December 1, affirmed December 14, 1926, rehearing denied
February 1, 1927.

# MARY A. COSTELLO *v.* JAMES C. COSTELLO.

### (251 Pac. 303.)

**Divorce—Correction of Findings, in Divorce Suit, After Term, to
Show Appearance of Deputy District Attorney, Held Proper,
Though Summons was not Served on District Attorney, as Re-
quired by Statute (Or. L., § 1020).**

1. Where, in suit for divorce on grounds of cruel and inhuman
treatment, statement that appearance by state, required by Section
1020, Or. L., in divorce cases, being omitted from findings of
fact, findings were corrected after term to show state's appear-
ance, deputy district attorney having actually appeared though
not served with required summons, such correction *held* proper.

**Divorce—Physical Injury or False Accusations of Criminal or Un-
faithful Conduct are not Necessary to Constitute Cruel and
Inhuman Treatment.**

2. It is not necessary for husband to beat or otherwise physi-
cally hurt wife, or apply to her false accusations of criminal or
unfaithful conduct in order to be guilty of cruel and inhuman
treatment.

**Divorce—Evidence Held to Warrant Divorce for Cruelty.**

3. Findings of fact of trial court, granting divorce for cruelty,
*held* sustained by evidence of defendant's cross manner and tone
of conversation and that he applied derogatory epithets to her.

**Divorce—Award of Gross Alimony of $37,080 and One Third of
Realty to Wife Held not Excessive, Where Husband's Property
Exceeded $265,000.**

4. Evidence, in suit for divorce on ground of cruel and in-
human treatment, indicating that couple through joint efforts had
amassed property in husband's name to the amount of $268,013
in excess of encumbrances, award of $37,080 gross alimony and one
third of real property *held* not excessive.

**Divorce—In Divorce Suit, Allowance of Attorney's Fee, not Being
Abuse of Discretion, will not be Disturbed (Or. L., § 512,
Subd. 1).**

5. Allowance as to attorney's fee, in suit for divorce on
ground of cruel and inhuman treatment, will not be disturbed,
there being no abuse of discretion by trial court shown, such
award being discretionary, under Section 512, subdivision 1, Or. L.,
governing matter.

Divorce, 19 **C. J.**, p. 99, n. 63, p. 105, n. 46, 47, 48, p. 142, n. 52,
p. 228, n. 39, p. 229, n. 41, p. 334, n. 45.
Trial, 38 Cyc., p. 1989, n. 7.

2. See 9 **R. C. L.** 122.
5. See 1 **R. C. L.** 912.

From Multnomah: WALTER H. EVANS, Judge.

Department 1.

This appeal is from a decree granting to the plaintiff a divorce for cruel and inhuman treatment, for one-third of the real property owned by the defendant, and $37,080 in gross permanent alimony. Defendant filed an answer denying the material allegations of cruel and inhuman treatment charged in the complaint and filed a counterclaim praying for a divorce in his favor on the ground of cruel and inhuman treatment. Defendant's alleged grounds for divorce were abandoned at the trial. The case was tried upon the allegations of cruel and inhuman treatment in the complaint and the denials in the answer.

AFFIRMED. REHEARING DENIED.

For appellant there was a brief over the name of *Messrs. Clark, Skulason & Clark,* with an oral argument by *Mr. B. G. Skulason.*

For respondent there was a brief over the name of *Messrs. Manning & Harvey,* with oral arguments by *Mr. John Manning* and *Mr. Thomas G. Greene.*

COSHOW, J.—1. The appearances as noted at the beginning of the trial omitted the State of Oregon. The omission was not discovered until some time after the adjournment of the term of court at which the trial was conducted. When it was discovered the plaintiff applied to the court for an order to correct the omisssion by showing that the deputy district attorney appeared in behalf of the state. This application was resisted by the defendant. The district attorney was not served with summons in the suit. The statute requires the district attorney to be served

with the summons in a suit for divorce: Or. L., § 1020; *Re Estate of Stewart,* 110 Or. 408 (223 Pac. 727). The statute provides, however, that the service may be waived by the personal appearance of the district attorney. The deputy district attorney, whose duty it was to appear in divorce suits in Multnomah County, made an affidavit to the effect that he did appear and discovered that the case was being defended in good faith and for that reason did not remain through the trial. Said Section 1020, Or. L., prescribes among other things:

"It shall be the duty of such district attorney, *so far as may be necessary to prevent fraud or collusion in such suit,* to control the proceedings on the part of the defense, and in case the defendant does not appear therein, or defend against the same in good faith, to make a defense therein in behalf of the state."

Other affidavits were offered by the plaintiff tending to corroborate the affidavit of the district attorney. The defendant filed some affidavits to the effect that the affiants did not see the district attorney at the trial and that he did not appear there. The court found, however, that the deputy district attorney did appear and corrected the recitals in its findings of fact so as to show appearance on the part of the district attorney for Multnomah County. The defendant contends that the court was without authority to thus amend its record after the expiration of the term at which the case was tried. It is our opinion that not only was the court authorized so to do, but that it was its duty to correct its record to show the facts. The court did not amend, modify or qualify the decree in any particular. The whole result of the correction in the recital of the appearance was to

make those recitals state what actually occurred. It was necessary for this to be shown in order to place on record the jurisdiction of the court to hear and determine the case: *State* v. *Donahue,* 75 Or. 409, 416 (144 Pac. 755, 147 Pac. 548, 5 A. L. R. 1121); *Crowe* v. *Albee,* 87 Or. 148, 157 (169 Pac. 785). It was not error for the court to correct its record by showing the appearance of the district attorney in behalf of the state.

2. It is not necessary for a husband to beat or otherwise physically hurt his mate or apply to her false accusations of criminal or unfaithful conduct in order to constitute cruel and inhuman treatment. In this jurisdiction it has been held that contemptible conduct, insulting insinuations, deliberate disregard of the other's comfort and pleasure, prolonged petulance, studied sneers and sullen silence practiced by one spouse toward the other for a considerable length of time is more likely to make the life of the injured party more miserable and burdensome than are acts of physical, cruel and inhuman treatment: *Button* v. *Button,* 95 Or. 578 (188 Pac. 180); *Kaadt* v. *Kaadt,* 110 Or. 573 (223 Pac. 934); *Beckley* v. *Beckley,* 23 Or. 226 (31 Pac. 470); *Ream* v. *Ream,* 81 Or. 175, 207 (158 Pac. 670).

3. The evidence in this case consists of over 600 pages and no good purpose can be served by reviewing it. While the defendant denies most of the allegations of cruelty alleged and testified to by the plaintiff, yet the plaintiff is so far corroborated by other reliable witnesses and convincing testimony that we believe the allegations of the complaint are sustained by a preponderance of the evidence. For about eleven months, while living in the same house with the plaintiff, the defendant refused to converse with her or to

speak to her at all, except in a cross and crabbed manner and tone or on strictly business. matters. Such treatment is well calculated to undermine the health of a cultured and refined woman and to render her life most miserable.

Some of the cruel treatment complained of and testified to consisted of calling plaintiff "a damned old fool," a person "without brains," a "liar" and "damned old tub," and a person who "did not know enough to carry guts to a bear," in the hearing and presence of others. He told her he wanted nothing more to do with her, and scornfully spurned several offers from her, and others in her behalf, to reconcile their differences. No children were born of the marriage. Suffice it to say that we concur in the findings of the Circuit Court. .

4. Defendant urges with much ability and earnestness his contention that the gross alimony amounting to $37,080 is too much. In view of the circumstances we do not think it is. These parties were married nearly 40 years ago, have no children, and practically all of the property owned by the plaintiff has been accumulated since the marriage. It is very certain that plaintiff will receive no property out of the large fortune accumulated by the two during their marriage, except the amount allowed in this proceeding. His property is estimated by himself to amount to $285,513 upon which he owes $17,500, leaving a net estate of $268,013. Of this amount $63,848 is in personal property and the remainder in realty. A large part of the personal property is not bearing any income. After deducting the total amount allowed the plaintiff, defendant's property, according to his own estimate, has a value of $152,878. The total amount allowed to the plaintiff is $105,635. We do not believe

this to be an unjust division of the property between the two. The differences between the plaintiff and the defendant have arisen partially, if not principally, out of defendant's selfish treatment of the plaintiff in money matters. His treatment toward the plaintiff about money matters is inexcusable, particularly in view of the fact that he himself testified that plaintiff had been a frugal, careful woman and a good manager. During the trial his able counsel more than once stated that defendant was making no charge of extravagance against the plaintiff.

5. We are disposed not to disturb the allowance as to attorney's fee. The statute provides:

"That the husband pay, or secure to be paid, to the clerk of the court, such an amount of money as may be necessary to enable the wife to prosecute or defend the suit, as the case may be, and also such an amount of money as may be necessary to support and maintain the wife during the pendency of the suit." Or. L., § 512, subd. 1.

The amount of such allowance is largely in the discretion of the trial court. It is our opinion that that discretion was not abused in this suit. The decree is affirmed.          AFFIRMED.   REHEARING DENIED.

McBRIDE, C. J., and BURNETT and RAND, JJ., concur.