Submitted on briefs March 26, affirmed April 10, 1928.

## JAMES MEDILL *v.* OLLIE MEDILL.

(265 Pac. 1089.)

**Divorce—Mental Distress to Constitute "Cruel and Inhuman Treatment" must be Continuous and of Such Nature as to Cause Real Suffering.**

While it is not necessary that one spouse must physically maltreat the other in order to be cruel and inhuman, yet cruel and inhuman treatment consists of more than mere unpleasantness, and where one depends exclusively on mental distress as constituting cruel and inhuman treatment, conduct of the other must have been continuous, and of such nature as to cause real suffering.

---

Divorce, 19 **C. J.**, p. 50, n. 46.

Cruelty without violence, see note in 65 **Am. St. Rep.** 75. Necessity of personal violence to constitute cruelty, see note in 9 **Ann. Cas.** 1090. See, also, 9 **R. C. L.** 340. Habits or course of conduct as cruelty warranting divorce, see note in **Ann. Cas.** 1918B, 480, 500.

From Douglas: JAMES W. HAMILTON, Judge.

In Banc.

AFFIRMED.

For appellant there was a brief over the name of *Mr. John T. Long.*

For respondent there was a brief over the name of *Mr. George Jones.*

COSHOW, J.—This is an appeal from a decree denying plaintiff a divorce and dismissing the case. Both parties have prayed for a divorce and a divorce was denied to both. The sole question presented by the appeal is on the facts.

We have carefully considered the testimony and concur with the findings and conclusions of the learned Circuit Court. Both parties contributed to the quarrels between them. Neither has made a serious charge against the other.

While it is not necessary that one spouse must physically maltreat the other in order to be cruel and inhuman, yet cruel and inhuman treatment consists of more than mere unpleasantness. Where one depends exclusively on mental distress as constituting cruel and inhuman treatment, the conduct of the other must have been continuous and of such a nature as to cause real suffering. *Costello* v. *Costello,* 120 Or. 439 (251 Pac. 303). Such treatment is not proven by either party in this case.

The decree of the Circuit Court is affirmed.

AFFIRMED.