Argued January 15; modified January 28, 1936

## SCHNITZER *v.* SCHNITZER

(53 P. (2d) 719)

*Zanley F. Galton* and *Morris A. Goldstein,* both of Portland, for appellant.

*Irvin Goodman,* of Portland, for respondent.

BEAN, J. This is an appeal from a decree of the circuit court of the state of Oregon for Multnomah county, granting plaintiff a divorce from defendant and giving her $3,000 lump sum alimony, $90 per month for the support and maintenance of plaintiff and the two minor children and $200 attorneys' fees. Defendant appealed.

Plaintiff and defendant were married in Russia-Poland in 1921. As the issue of such marriage they have two daughters; Annette, aged 12 years, and Ruth, aged seven years. Plaintiff and defendant came to this country about one month after their marriage, proceed-

ing directly to Portland, Oregon, where they have lived ever since. Defendant commenced working in the junk business with his father, and also worked for the Alaska Junk Company. After a time he went into business for himself.

From the testimony we believe that the decree of the court granting a divorce and the custody of the two minor children to plaintiff should be upheld: *Button v. Button*, 95 Or. 578 (188 P. 180); *Costello v. Costello*, 120 Or. 439 (251 P. 303); 19 C. J. 49, § 88.

It would be of no benefit to the parties, or to anyone else, for us to detail the unfortunate circumstances in relation to their married life. Plaintiff and defendant separated for about four months some time ago, and finally separated July 3, 1931, and have since not lived together as husband and wife.

Plaintiff contends that her husband is worth $30,000, of which $10,000 is invested in the Alaska Junk Company. The testimony shows that the defendant has no interest in that company, and the company is not indebted to him. The trial court evidently found that the defendant was worth $13,000 or $14,000, $9,000 of which was owing to the defendant from his father. It appears that the circumstances in regard to the $9,000 are about as follows: Defendant loaned his father $9,000 with which to purchase a building. His father also borrowed $10,000 or $11,000, giving a mortgage therefor, and, the depression coming on, it took the building to pay the first mortgage. The defendant obtained a judgment against his father for the amount due him, but was unable to have it satisfied and the judgment lien is practically worthless. This leaves only about four or five thousand dollars. The defendant has a mortgage upon which there is a balance due of $3,000; an old truck estimated at a value of $150;

$500 or $1,000 in stock of junk; $75 in cash, and a policy of insurance of the value of $1,000. We think, therefore, that the decree awarding the lump sum alimony should be modified and that the plaintiff should be awarded the sum of $1,500, lump sum alimony. It appears that this is absolutely necessary in order that defendant would be enabled to pay the amount of alimony and the support and maintenance of the minor children.

The award of $90 for the support of plaintiff and the two minor children, until the further order of the court, is approved; also the decree for $200 for attorneys' fees.

The decree of the lower court should be modified accordingly. Neither party to this suit will recover costs in this court. It is so ordered.

CAMPBELL, C. J., and RAND and BAILEY, JJ., concur.