Argued September 6; affirmed October 3, 1939

# NEELY *v.* NEELY

(94 P. (2d) 300)

In Banc.

*W. T. Miller* and *Ercel L. King*, both of Grants Pass, for appellant.

*James T. Chinnock*, of Grants Pass, for respondent.

BEAN, J.   This is a suit for a divorce, brought by Edward C. Neely, plaintiff, against Maude Neely, defendant, on the ground of cruel and inhuman treatment

and personal indignities toward plaintiff, rendering life burdensome.

Defendant denies the gist of the complaint and asks for separate support and maintenance, which she asserts should be $50 per month. The court heard the testimony and rendered a decree in favor of plaintiff, granting plaintiff a divorce and denying the relief prayed for by defendant.

The trial court found as part of its findings that as soon as the plaintiff and defendant were married, the defendant became cold and indifferent to plaintiff and indicated by every act and by her conduct that she had no love or affection for him whatsoever; that she has never displayed to plaintiff any indication of love or affection for him, but on the contrary has treated him in a cold and indifferent manner; that for days at a time she has refused to converse with him and refused to talk to him unless first spoken to and then only in monosyllables, replying only "yes" and "no" to his questions; that defendant has been sullen and indifferent to plaintiff continuously during their marriage relationship and has frequently indicated to plaintiff by word and conduct that she has no love or affection for him whatsoever; that about the 2nd of February, 1938, defendant, without any just cause or provocation whatsoever, left and departed from the home of plaintiff; that she refused to longer live with him as his wife; that the defendant's indifference to plaintiff and her apparent and absolute lack of affection for him has caused plaintiff great mental anguish and grief and has rendered him highly nervous, all of which defendant well knew and which was intended so to do; that defendant's conduct toward plaintiff has been intentional and for the purpose of causing the

plaintiff great mental anguish and grief, and as a result thereof the plaintiff's health has been endangered, and it is impossible for plaintiff to longer maintain the marriage relationship with defendant.

It appears that plaintiff is of the age of sixty-one years and that defendant is of the age of fifty-three years. Plaintiff testified that when he talked to her sometimes she would not answer at all, and at other times she would mumble a few words that he could not understand. The plaintiff testified, in effect, that her treatment caused him to worry, that after a time "she just picked up her things and left, that is all," and went to Medford, and that he felt pretty blue. From the testimony it appears that the plaintiff furnished a good modern home and everything that plaintiff needed during the marriage relationship.

The case is much like that of *Steele v. Steele*, 96 Or. 630, 190 P. 716, where it is shown at page 632 that plaintiff testified:

"He wasn't kind and he told me repeatedly he didn't care for me. The words he used, 'He didn't give a damn for me,' and it was only because of our daughter that he lived with me * * *. When I went after my trunks he told me he didn't give a damn for me; that he had ceased to love me."

■ The view that actual bodily harm or apprehension thereof must be shown to authorize granting a divorce on the ground of cruelty has been generally repudiated and the modern doctrine is that any unwarranted conduct by either spouse which causes the other mental suffering of sufficient degree constitutes such cruelty as will authorize a divorce: *Steele v. Steele*, supra; 19 C. J. 49, § 88.

■ It is not shown that plaintiff has ever misconducted himself in any way or been guilty of any kind of unlawful conduct. We think the evidence is sufficient to sustain the charge of personal indignities.

The statute provides that the marriage contract may be dissolved for "cruel and inhuman treatment or personal indignities rendering life burdensome." § 6-907, Oregon Code 1930.

It is difficult to see how it could be otherwise than to make a man's life burdensome, to live with a woman who had ceased to care for him, and who did not want to live with him and was frequently telling him so. We think no good purpose could be served by compelling a man to live with a woman under the circumstances as shown by the testimony, a portion of which has been referred to. See also *Reinhard v. Reinhard*, 96 Wis. 555, 71 N. W. 803, 65 Am. St. Rep. 66; *Hiecke v. Hiecke*, 163 Wis. 171, 157 N. W. 777, Ann. Cas. 1918 B, 497.

The testimony plainly shows that defendant has broken her marriage vows by her conduct and treatment of the plaintiff and has refused to abide by the marriage contract.

The decree of the circuit court is therefore affirmed. No costs will be awarded to plaintiff upon this appeal.

ROSSMAN and BAILEY, JJ., not sitting.