Argued September 25; affirmed October 7; rehearing denied
November 4, 1941

## DEUCHAR *v.* DEUCHAR

(117 P. (2d) 609)

Before KELLY, Chief Justice, and BAILEY, LUSK,
RAND and BRAND, Associate Justices.

*F. Leo Smith*, of Portland, for appellant.

*William Davis*, of Portland (Moulton & Davis, of
Portland, on the brief), for respondent.

Suit for divorce. From a decree of divorce, an award of an undivided one-third interest in defendant's real property, an allowance of alimony in the sum of $1,500, together with $175 attorney's fees, and a judgment for costs and disbursements in favor of plaintiff, defendant appeals.

KELLY, C. J. On the 14th day of July, 1934, at Vancouver, Washington, plaintiff and defendant intermarried.

On the 19th day of July, 1939, plaintiff instituted this suit.

Plaintiff charges cruel and inhuman treatment consisting of repeated accusations against her by defendant that she was stealing from him, assaults and batteries upon her by defendant, the use of profane, vile and opprobrious language toward her, the requirement that plaintiff keep house, cook and wash for defendant's grown sons by a former marriage, and quarreling and fighting in the home by defendant with his grown sons.

Defendant countercharges plaintiff with cruel and inhuman treatment specifying the following:

"(a) That at the time plaintiff came into defendant's home, the said home was well provided with silverware, curtains, rugs, etc., an accumulation of many years on the part of plaintiff and his former wife, and that shortly thereafter these said articles of household furnishings began to disappear.

(b) That when defendant questioned plaintiff as to the whereabouts of these articles, she would fly into a rage and accuse him of calling her a 'thief'.

(c) That upon visits to the homes of the married children of plaintiff by a former marriage, defendant saw many of these articles which he identified, and when he requested that they be returned to the home,

plaintiff told him he was mistaken as to the articles and cursed him.

(d) That defendant at the time the plaintiff came into his home was the possessor of a coin collection and also a stamp collection which said collections were of both a sentimental and monetary value. That defendant took great pride in these collections and that the plaintiff with full knowledge of their value to the defendant disposed of them and refused to aid in securing their return.

(e) That at the time of their marriage plaintiff and defendant entered into an agreement whereby defendant was to provide plaintiff with a home in return for which defendant was to care for the said house and the comforts of defendant and his minor sons and that since the time of the culmination of the said marriage contract, the plaintiff has refused to perform her agreement as to caring for the comforts of the said sons and has continuously objected to their presence in the home.

(f) That plaintiff has an ungovernable temper and that she at diverse times and without provocation cursed the defendant and on one occasion hit him on the head with a pancake turner."

The trial court made a finding to the effect that defendant repeatedly accused plaintiff of stealing from him, and of carrying goods and valuables from the residence of plaintiff and defendant to plaintiff's children by a former marriage; that in addressing plaintiff's said children, he repeatedly accused plaintiff of theft and on one occasion demanded the privilege of searching the home of plaintiff's daughter for stolen goods, and that defendant had assaulted and slapped plaintiff and had applied profane, vile and opprobrious language to her.

■ We are constrained to concur with the trial court to the effect that it constitutes cruel and inhuman treatment rendering life burdensome for a husband to con-

tinually accuse his wife of stealing from him without having any more ground therefor than is shown herein.

No good purpose will be served by reviewing the testimony.

A severe arraignment of plaintiff was made by counsel for defendant in his argument based upon matters alleged to have occurred prior to the marriage of plaintiff and defendant, it being counsel's position that plaintiff is of such a debased character that it could not constitute cruelty for her husband to accuse her of stealing. We cannot agree with defendant's counsel in that regard.

■ It may not be amiss to say that where one spouse is habitually addicted to the use of profane, vile and obscene language, the mere use of such language by the other spouse in conversation and differences between the two should not be dignified by the term cruelty. It merely denotes the mutual use of a debased and degrading vocabulary.

The trial court also found that during the pendency of this cause, defendant contumaciously disobeyed the temporary orders of the court for the payment of monthly installments of suit money, attorney's fees and temporary alimony and great difficulty was encountered in enforcing payment thereof. The trial court was therefore of the opinion that similar trouble and difficulty would result, if the court should decree payment of alimony in monthly installments. For that reason, the trial court made an allowance of alimony in gross.

The trial court following the statutory mandate, (Vol. 2, O. C. L. A., p. 129, section 9-912), awarded to plaintiff an undivided one-third interest in and to the real property of defendant.

■ Defendant assigns error because of the exclusion of testimony given by plaintiff on her cross-examination concerning incidents occurring prior to the marriage of plaintiff and defendant. This testimony was taken "under the rule" and we think that, in sustaining the objection thereto, no error was committed by the trial court—certainly no reversible error.

We cannot concur with the counsel for defendant in his claim that the trial court gave undue credit to the testimony of the plaintiff and her witnesses.

Defendant cites three Oregon cases in support of his contention that repeatedly accusing his wife of stealing from him did not constitute cruel and inhuman treatment.

The first of these Oregon cases is *Button v. Button*, 95 Or. 578, 188 P. 180. There it was held that—

"What would be cruel to a delicate, sensitive woman might not be so to a brawling fishwife."

The decree was granted to the wife. There is nothing to show that the plaintiff in the instant case ever was charged with theft except by the defendant herein. There is not the slightest suggestion that to be so charged was not most offensive and humiliating to her.

The second Oregon case, cited by defendant, is *Hawley v. Hawley*, 101 Or. 649, 199 P. 589. There a charge in plaintiff's complaint that defendant had attempted to commit a crime was denied by defendant. Upon the trial, the plaintiff testified in support and defendant testified in denial of the charge. The presumption of innocence was invoked by this court and it was held that the charge had not been proven. It was also held that the mere failure of proof did not establish that the charge against defendant was false, made maliciously and without probable cause.

In the case at bar, the repetition of the charge of theft against plaintiff is shown; and, as we construe the record, such charge is shown to have been false. Defendant attempts to show that he merely made inquiry as to how the alleged loss of his property occurred; but the preponderance of the testimony is to the effect that he charged plaintiff with having stolen it.

The third case, cited by defendant, is *Douglas v. Douglas*, 163 Or. 689, 99 P. 2d 479. In that case, among other things, there was a mutual exchange of charges by one party against the other to the effect that profane and abusive language was used. The opinion recites some of such language employed by the defendant, and it discloses that merely being required to hear plaintiff use similar language would not constitute such cruelty as to entitle defendant to a divorce.

In the case at bar, there is no suggestion that plaintiff had been accustomed to steal, had been convicted of stealing, or had conducted herself in such a manner that the false accusation that she is a thief would not subject her to such humiliation and distress as to constitute cruelty.

■ Defendant, in testifying, attempted to make it appear that he had not accused plaintiff of stealing, but merely inquired of her as to how the allegedly missing articles had disappeared. We think it is shown, however, that he accused the plaintiff of stealing them. The language of his counsel upon oral argument is susceptible of no other meaning. We quote it:

"It is a fact, although the record does not show it, that Mr. Deuchar did say that it would take $2,000 to pay for the things taken from the home, and that is a fact. He had complete sets of silverware, drapes and curtains; he had three full, complete sets, and that is shown by the record. He also had highboys plumb full

of linen and everything was going. They were taking it out in truck loads. She was outfitting the homes of a couple of her daughters. She took things out of the house and gave them to her daughters who were married, so they would be able to outfit their houses.''

\* \* \* \* \* \* \*

''It is true, at first blush, that it seems strange Mrs. Deuchar would leave a good home at 62. Sure it is! But the reason she left the home is that she was doing things in that home which were hurting her own conscience and Mr. Deuchar was asking where these things were going. Of course it is not comfortable to live with a man and be stealing from him at the same time, and that is why she left.''

In the face of such accusation, it is not consistent to argue that mere inquiry, without crimination is all that is shown by the record.

The trial court had the advantage of seeing and hearing the parties and their witnesses. Nothing has been called to our attention in the record which challenges the justice of its decree; and, therefore, such decree is affirmed.